IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH STICKRATH, et al.,

                Plaintiffs,

v.

GLOBALSTAR, INC.,

                Defendant.

NO. C07-1941 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter came before the Court on Monday, September 17, 2007, on Defendant's motion to dismiss the complaint. After carefully considering the parties' written and oral arguments, the Court GRANTED IN PART and DENIED IN PART Defendant's motion at the conclusion of the hearing. The Court now issues this written order to provide additional reasoning behind its rulings.

**BACKGROUND**

Plaintiffs Kenneth and Sharan Stickrath seek to represent a class of all individuals who purchased satellite telephone service from Defendant Globalstar, Inc. between March 2003 and the present. The Stickraths subscribed to the service "from approximately 2004 through 2006 so that they would have the ability to keep their family advised of their location while they were traveling at sea in the Bahamas. The Service proved unreliable initially and only became worse."[1] Am. Compl. ¶ 23. Plaintiffs further allege that they "experienced numerous dropped calls when attempting to use the service. Often, the phone signal meter would show a good signal and then the call would be dropped. Frequently there was no signal at all." *Id.* ¶ 24.

---

[1] It is unclear why Plaintiffs are unable to allege the precise dates of their subscription to the service.

Plaintiffs complain that Defendant unlawfully failed to disclose material information regarding the quality of its satellite telephone services and that Defendant also made affirmative misrepresentations, such as claims that the service "[w]orks virtually ANYWHERE you can see Sky." Am. Compl. ¶ 25a. Plaintiffs contend that such conduct is unfair, unlawful, and fraudulent in violation of California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*, and that it constitutes prohibited practices under two sections of California's Consumers Legal Remedies Act ("CLRA"): "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have," Cal. Civ. Code § 1770(a)(5), and "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another," Cal. Civ. Code § 1770(a)(7). Defendant moves to dismiss Plaintiffs' amended complaint on a variety of grounds, each of which the Court addresses in turn below.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In addition, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001). A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Moreover, dismissal should be with leave to amend unless it is clear that amendment could not possibly

cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

Defendant also moves to dismiss this case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because Defendant does not seek to rely on any external facts, this is a facial rather than factual challenge to the court's jurisdiction. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (distinguishing between facial and factual jurisdictional attacks). Consequently, this Court applies a similar standard to Defendant's Rule 12(b)(1) motion as to its Rule 12(b)(6) motion: Dismissal is appropriate only if the complaint's allegations, which are assumed to be true, are insufficient to support a finding of jurisdiction. *Id.*

**DISCUSSION**

**I.     Whether Plaintiffs Have Adequately Alleged Standing**

Defendants first move to dismiss Plaintiffs' claims for lack of standing. To satisfy the constitutional requirements of standing, "the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). In addition, the plaintiff's "injury in fact" must be fairly traceable to the challenged conduct of the defendant, and "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (citation and internal quotations omitted). Similarly, both the UCL and CLRA protect only plaintiffs who have suffered harm "as a result of" defendants' unlawful or unfair practices. Cal. Bus. & Prof. Code § 17204 (UCL); Cal. Civ. Code § 1780 (CLRA). Defendant contends that Plaintiffs have failed to plead causation and have also failed to plead facts giving rise to standing to sue for injunctive relief.

**A.     Causation**

In their opposition, Plaintiffs claim that they were injured by Defendant's alleged misrepresentations and omissions because they would not have purchased Defendant's

3

1 services, or would have done so only at a reduced cost, had all material information been
2 disclosed. However, no such allegations appear in the complaint. The only paragraphs of
3 the complaint that Plaintiffs cite as allegations of causation state that, "[a]s a result of
4 Defendant's unfair and deceptive practices, Plaintiffs and the Class members purchased
5 satellite phones and the Service for the purpose of placing and receiving calls in remote
6 places." Am. Compl. ¶¶ 49, 62. Plaintiffs further allege that their "injuries were directly and
7 proximately caused by Globalstar's conduct." *Id.* ¶¶ 50, 63. These statements, however, are
8 "merely conclusory" and need not be assumed to be true. *Sprewell*, 266 F.3d at 988.

9 As Defendant correctly argues, Plaintiffs fail to allege that they read any of the alleged
10 misrepresentations before purchasing the service – or even that any of the misrepresentations
11 were made before Plaintiffs' purchase. Nor do Plaintiffs allege that, had they known the
12 actual quality of Defendant's service, they would have chosen either to pay less for the
13 service or to purchase similar service from a competitor, or that the representations about the
14 quality of Defendant's service were a substantial factor in Plaintiffs' decision to purchase the
15 service. Thus, the allegations in the complaint are distinguishable even from the cases on
16 which Plaintiffs rely.[2] Consequently, the Court GRANTS Defendant's motion to dismiss for
17 lack of standing with leave to amend.

---

[2] *See True v. Am. Honda Motor Co.*, Case No. 07-287-VAP, at 14-15 (C.D. Cal. June 22, 2007) (Solen Decl. Ex. C) (denying motion to dismiss UCL and CLRA claims where plaintiff alleged that defendant's misleading advertisements were a substantial factor, if not the controlling factor, in plaintiff's decision to purchase a vehicle); *Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007) (denying motion to dismiss UCL claim where plaintiffs alleged they would not have purchased the goods from defendants were it not for defendants' allegedly false and misleading statements); *Bristow v. Lycoming Engines*, Case No. CIV. S-06-1947 LKK GGH, 2007 WL 1106098, at *7 (E.D. Cal. Apr. 10, 2007) (denying motion to dismiss UCL claim where plaintiffs alleged that defendants failed to disclose material information and that a reasonable consumer would have considered the omitted information important in deciding whether to make a purchase); *Trew v. Volvo Cars of N. Am., LLC*, Case No. CIV-S-05-1379 DFL PAN, 2006 WL 306904, at *5-6 (E.D. Cal. Feb. 8, 2006) (denying motion to dismiss UCL and CLRA claims where plaintiff alleged she would not have paid as much for her vehicle had a defect been disclosed); *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144-45 (N.D. Cal. 2005) (stating that, to prove materiality of an omission, plaintiffs must show that the omitted information would have caused them to behave differently).

4

### B. Injunctive Relief

Although Defendant did not argue that Plaintiffs lack standing to sue for injunctive relief until its reply brief, this was not improper because Defendant raised the argument in response to a case cited by Plaintiffs in their opposition. In addition, the Court has an independent obligation to establish subject matter jurisdiction. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004).

In *Deitz v. Comcast Corporation*, one of the cases cited by Plaintiffs, the district court held that the plaintiff lacked standing to seek injunctive relief regarding cable services because he was no longer a cable subscriber and had "not demonstrated there exists a definitive likelihood that he will once again become a subscriber of defendants' cable services. . . . [P]laintiff's claims of possible future injury are too speculative and attenuated to warrant prospective relief." Case No. 06-6352 WHA, 2006 WL 3782902, at *3 (N.D. Cal. Dec. 21, 2006). The court also rejected the plaintiff's contention that a class allegation cured the named plaintiff's standing problem because "[a]ny injury that unnamed members of the proposed class may have suffered is irrelevant to the question whether our named plaintiff is entitled to the injunctive relief he seeks." *Id.* at *4. As the Ninth Circuit has explained, "system-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class. . . . Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Here, Plaintiffs do not allege that they currently subscribe to Defendant's service or that they intend to subscribe in the future, and any injury allegedly suffered as a result of Defendant's conduct appears to lie solely in the past. Although Plaintiffs failed to assert at oral argument that they could cure this deficiency with leave to amend, it is not clear that Plaintiffs could not do so. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claim for injunctive relief with leave to amend.

5

## II. Whether Plaintiffs Have Adequately Stated a Claim

Defendant next argues that Plaintiffs have failed to state a claim for relief even if they have adequately alleged standing. Before reaching Defendant's arguments on this issue, the Court must first resolve whether heightened pleading applies to Plaintiffs' claims.

### A. Pleading Standard Governing Plaintiffs' Claims

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fraud is not an essential element of either a UCL or CLRA claim, but that does not mean that heightened pleading never applies to such claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). To the contrary:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b). . . .
>
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

*Id.* at 1103-04.

Plaintiffs thus correctly argue that Rule 9(b) does not necessarily apply to allegations of non-fraudulent conduct. However, they fail to persuade the Court that their allegations are not based on a "unified course of fraudulent conduct." *Id.* at 1103. Plaintiffs allege that Defendant failed to disclose material information about the quality of its service and also made affirmative misrepresentations about that quality. The alleged omissions and misrepresentations in this case therefore go hand in hand, with all of the allegations related to how Defendant advertised its service. Accordingly, this Court concludes that the heightened pleading requirements of Rule 9(b) apply to Plaintiffs' claims in their entirety.

6

To meet these requirements, fraud allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This generally requires plaintiffs to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). However, where allegations rest on claims of omission, this standard is relaxed because, "[f]or example, a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." *Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987).

### B.  Claims Regarding Affirmative Misrepresentations[3]

Plaintiffs' claims based on affirmative misrepresentations clearly fail to meet the pleading standards under Rule 9(b). Although Plaintiffs identify specific comments from Defendant's website in paragraph 25 of the amended complaint, they fail to specify the time frame during which these comments appeared. Nor have Plaintiffs identified any other specific advertisements that are allegedly false.

In addition, not all of the comments identified by Plaintiffs are actionable. As Plaintiffs acknowledge, statements are only actionable under the UCL and CLRA if they are likely to deceive a reasonable consumer. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). "Advertisements that amount to 'mere' puffery are not actionable because no reasonable consumer relies on puffery." *Williams v. Gerber Prods. Co.*, 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006). Factual representations, however, are actionable. *Echostar*, 113 Cal. App. 4th at 1361-62. Thus, for example, statements that a satellite television service provides "crystal clear" or "CD quality" reception are not actionable because they

---

[3] At oral argument, Plaintiffs apparently abandoned their claims based on alleged misrepresentations and expressed an intention to re-plead this case as strictly about alleged omissions. The Court nonetheless addresses Defendant's arguments against the misrepresentation claims in case Plaintiffs did not, in fact, intend to abandon such claims.

1  "are not factual representations that a given standard is met," but statements that a service
2  would provide "50 channels" and "7 day service" are actionable factual representations. *Id.*
3  Similarly, terms such as "high quality," "reliable," "high performance," and "latest
4  technology" are non-actionable puffery, whereas "brand-name components" and "most
5  stringent quality control tests" are actionable factual representations that can be proved or
6  disproved during discovery. *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1140-41
7  (C.D. Cal. 2005).

8  Puzzlingly, Plaintiffs seek to rely on *Anunziato*, even though some of Plaintiffs'
9  allegations contain the very language rejected by the court in that case – i.e., that Globalstar
10 provides "high quality" and "reliable" service. As the *Anunziato* court concluded, these
11 statements are non-actionable puffery that would not be likely to mislead a reasonable
12 consumer. *Id.* The same is true of advertising the service as "dependable."

13 On the other hand, statements asserting that the service "[w]orks virtually
14 ANYWHERE you can see Sky" and that the "products can help you maintain productivity
15 and keep in contact from remote locations or worksites" are actionable factual
16 representations that can be proved or disproved during discovery. Defendant's contention
17 that Plaintiffs failed to allege that these statements were false when made is unpersuasive.
18 Although Plaintiffs themselves admit that their complaint is not a model of clarity or
19 eloquence, Plaintiffs do allege that Defendant knew, as early as 2003, that it was having
20 problems with its satellite configurations that affected the quality of Defendant's service.[4]
21 Am. Compl. ¶ 33. In addition, the allegation that Plaintiffs experienced unreliable service
22 while at sea in the Bahamas belies the assertion that Defendant's service works virtually
23 anywhere. Thus, these factual statements may form the basis for UCL and CLRA claims,
24 provided that Plaintiffs can adequately amend their complaint to comply with the
25 particularity requirements of Rule 9(b).

---

26  [4]Plaintiffs state this on information and belief, but even under Rule 9(b), knowledge
27  "may be averred generally." Fed. R. Civ. P. 9(b). Ultimately, Plaintiffs may have difficulty
    proving Defendant's knowledge of these issues prior to 2007, as much of the complaint
28  focuses on information released that year. However, it would be premature for this Court to
    resolve that issue on this motion to dismiss.

8

1    Defendant finally contends that none of the statements identified by Plaintiffs would
2 be likely to mislead a reasonable consumer because Plaintiffs signed a service agreement
3 stating that they accepted the service on an "AS IS, WHERE IS" basis, that the service would
4 be "limited by the space technology involved and availability of assigned radio spectrum,"
5 and that Globalstar USA would not be liable under any circumstances for any "interruptions
6 or defects in the Globalstar Service which affect Customer for less than 72 continuous
7 hours." Service Agreement ¶¶ 2(d), 5(a), 5(c) (Rogers Decl. Ex. A).[5] However, a reasonable
8 consumer may interpret such language to be boilerplate legalese rather than an implication
9 that the consumer should expect frequent or regular interruptions to service that do not
10 exceed 72 continuous hours. Consequently, this is not an issue that can be decided on a
11 motion to dismiss as a matter of law, and the Court rejects Defendant's arguments that
12 dismissal is proper based on the service agreement signed by Plaintiffs.
13    In light of all of the above, the Court GRANTS Defendant's motion to dismiss
14 Plaintiffs' claims regarding misrepresentations for failure to plead fraud with particularity, as
15 required by Federal Rule of Civil Procedure 9(b). Dismissal is with prejudice as to
16 Plaintiffs' allegations regarding such language as "high quality," "dependable," and
17 "reliable" because these terms constitute non-actionable sales puffery that is not likely to
18 mislead a reasonable consumer. Dismissal is without prejudice as to Plaintiffs' allegations
19 regarding factual representations, such as that the service works "virtually anywhere,"
20 because such representations may be proved or disproved in discovery and Plaintiffs may be
21 able to meet the heightened pleading requirements of Rule 9(b) if given leave to amend.

22    **C.    Claims Regarding Omissions**

23    Contrary to Defendant's assertions, the amended complaint also contains allegations
24 based on omissions and is not limited to allegations based solely on affirmative
25 misrepresentations. For example, Plaintiffs allege that:

---

[5] Although the agreement was not referenced in the complaint, Plaintiffs do not object to the Court's consideration of the document on this motion to dismiss. Consideration is proper since the complaint necessarily relies on the service agreement, which forms the basis for Plaintiffs' claims, and no party contests the agreement's authenticity. *Lee*, 250 F.3d at 688.

9

> Upon information and belief, Defendant has known of the degradation of the communications satellites and associated satellite telephone service since at least 2003, if not earlier, and *has concealed from purchasers of the satellite telephone service and/or failed to alert the purchasers of the degradation of the communications satellites and associated satellite telephone service.*

Am. Compl. ¶ 33 (emphasis added). They also allege that Defendant violated the UCL and CLRA by its "misrepresentations *and/or its failure to disclose material facts* concerning the failures it was and is experiencing in its satellite constellation and the problems it was experiencing with its Service." *Id.* ¶¶ 43, 57 (emphasis added). Additionally, Plaintiffs allege that, "[a]t all relevant times, Globalstar knew, or should have known, that its Service contained a material defect. Globalstar failed to disclose this material defect to Plaintiffs and other members of the Class." *Id.* ¶¶ 44, 58.

The allegation that the failure to disclose was "material," however, is a legal conclusion rather than a factual allegation. The Court agrees with Defendant that Plaintiffs have not adequately alleged materiality because they have failed to allege that, "had the omitted information been disclosed, [they] would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993). Nonetheless, as noted above as part of the standing analysis, Plaintiffs can apparently cure this deficiency and will therefore be granted leave to amend the complaint to allege materiality.

Defendant next argues that the content of the alleged omissions was, in fact, actually disclosed in the service agreement. However, Plaintiffs contend that Defendant knew specific information about defects in its service that it did not disclose. A reasonable consumer may well have chosen not to subscribe to the service had Defendant disclosed such specific defects in its service, rather than noting in the fine print of the service agreement that limitations *may* occur. Whether Defendant adequately disclosed the information it is alleged to have withheld therefore cannot be resolved on this motion to dismiss.

Finally, Defendant argues that Plaintiffs' omission claims must be dismissed because Plaintiffs have failed to allege any duty to disclose. *See Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1094 (N.D. Cal. 2007) (holding that a claim under the CLRA will lie based

10

1 on an unlawful omission when a duty to disclose exists).  Under California law, a duty to
2 disclose arises in four circumstances:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

*Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986); *see also Falk*, 496 F. Supp. 2d at 1094-95 (applying the same test).  The Court agrees that Plaintiffs' complaint does not sufficiently allege a duty to disclose because it fails to allege materiality.  However, Defendant has not persuaded the Court that Plaintiffs cannot satisfy one of the above circumstances if they amend their complaint to allege materiality.  Consequently, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claims based on omissions for failure to state a claim, but Plaintiffs shall be granted leave to amend these claims.

### III.    Whether Plaintiffs Complied with the CLRA's Filing Requirements

Defendant also argues that Plaintiffs' CLRA claim must be dismissed for failure to comply with the statute's notification requirements.  A consumer may not bring a damages suit under the CLRA without first giving the alleged violator at least thirty days' notice to cure the alleged violations, but a suit for injunctive relief may be brought without providing such notice.  Cal. Civ. Code § 1782(a), (d).

Plaintiffs originally filed suit on April 5, 2007, admittedly before notifying Defendant of the alleged CLRA violations, but this was not improper because the original complaint explicitly disavowed any claim for damages under the CLRA.  Compl. ¶ 51.  When, as here, a suit for injunctive relief is filed under the CLRA, "[n]ot less than 30 days after the commencement of [such] an action . . . and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages."  Cal. Civ. Code § 1782(d).  Plaintiffs claim that they complied with these requirements by sending a certified letter to Defendant on April 26, 2007, and waiting more

11

1 than sixty days – until June 29, 2007 – before filing their amended complaint seeking
2 damages.

3 Defendant raises two objections to Plaintiffs' assertion: first, that the amendment was
4 untimely and, second, that Plaintiffs' notice failed to comply with the requirements of section
5 1782(a). However, Defendant misreads section 1782(d)'s timeliness requirements. Rather
6 than requiring any amendment to be made within thirty days of the filing of the original
7 complaint, as Defendant argues, the statute provides exactly the contrary; it allows
8 amendment "[n]ot less than thirty days" – i.e., thirty days or more – from the date of the
9 original complaint's filing. Plaintiffs' amendment was therefore timely.[6]

10 As to the content of Plaintiffs' notice, Defendant cites no persuasive authority for its
11 assertion that the notice failed to describe the alleged violations with the requisite specificity.
12 Section 1782(a)(1) requires notice to include "the particular alleged violations of Section
13 1770," but there is no case law describing how "particular" the notice must be. Nonetheless,
14 the purpose of the requirement is clear: "to give the manufacturer or vendor sufficient notice
15 of alleged defects to permit appropriate corrections or replacements." *Outboard Marine*
16 *Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40 (1975). Plaintiffs here have adequately
17 given such notice. In the two cases cited by Defendant where the courts dismissed a CLRA
18 claim for failure to comply with the notice requirements, either the plaintiffs did not send any
19 pre-filing notice to defendants, *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195
20 (S.D. Cal. 2005), or the notice "made no mention of § 1770 or any specific violations
21 thereof," *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003). Here, by
22 contrast, Plaintiffs' April 26, 2007 letter explicitly alleged two violations of the CLRA: that
23 "Globalstar represented through its advertising and other express representations that its
24 Service had characteristics or uses which they do not have (Cal. Civ. Code § 1770(a)(5))"
25 and that "Globalstar falsely represented that its Service is of a particular standard, quality or

---

[6]Defendant also alludes to the fact that Plaintiffs filed the amended complaint without leave of court. However, section 1782(d) explicitly provides that no leave of court is required. In addition, Defendant had yet to file a responsive pleading as of the time of the amended complaint's filing, and amendment without leave of court was therefore also proper under Federal Rule of Civil Procedure 15(a).

12

1  grade when they were in fact of another (Cal. Civ. Code § 1770(a)(7))." Apr. 26, 2007 letter

2  at 1 (Rogers Decl. Ex. D). The letter further explained that:

> Plaintiffs allege that Globalstar has fraudulently concealed or intentionally failed to disclose the nature and quality of the Service it provided from March 2003 to the present. More specifically, the Service has not performed according to the representations made by Globalstar with respect to its coverage and reliability. Rather, the Service has been exceedingly unreliable. Plaintiffs and the proposed Class members' calls cannot be connected, have repeatedly been dropped, and when connected suffer from poor voice quality.

8  *Id.* Such statements sufficiently put Defendant on notice of the CLRA violations alleged by

9  Plaintiffs in this case, and the Court therefore DENIES Defendant's motion to dismiss for

10  failure to comply with the notice requirement under California Civil Code section 1782.

12  **IV.    Whether Plaintiffs Named the Correct Entity as Defendant**

13  Finally, Defendant argues that Plaintiffs should have sued Globalstar USA, LLC, a

14  subsidiary of Defendant Globalstar, rather than Globalstar itself. It is undisputed that

15  Plaintiffs signed a service agreement with Globalstar USA, but Plaintiffs do not seek

16  damages flowing from an alleged breach of contract, such as the alleged breach of the

17  implied covenant of good faith and fair dealing at issue in the cases relied on by Defendant.

18  *See Monaco v. Liberty Life Assurance Co.*, Case No. C06-07021 MJJ, 2007 WL 420139, at

19  *9 (N.D. Cal. Feb. 6, 2007); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973).

20  Whether Globalstar was a party to the service agreement is thus not dispositive in this case.

21  In addition, while a parent corporation may generally not be held liable for the actions

22  of its subsidiary, it may be held liable if "the subsidiary is the parent's alter ego" or if "the

23  subsidiary acts as the general agent of the parent." *Harris Rutsky & Co. Ins. Servs., Inc. v.*

24  *Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003); *see also United States v.*

25  *Bestfoods*, 524 U.S. 51, 61-62 (1998). A parent may also be held directly liable if it

26  participates in the wrongdoing. *Bestfoods*, 524 U.S. at 64-65.

27  Plaintiffs here allege such direct participation in wrongdoing by Globalstar. They

28  allege, for example, that "Globalstar's advertisements, including its website, have

13

1 represented and continue to represent its satellite telephone service as high-quality, reliable,
2 and working virtually anywhere." Am. Compl. ¶ 25.  Plaintiffs also allege that Globalstar
3 "has concealed from purchasers of the satellite telephone service and/or failed to alert the
4 purchasers of the degradation of the communications satellites and associated satellite
5 telephone service." *Id.* ¶ 33.  These allegations demonstrate that Plaintiffs' claims against
6 Globalstar are not merely derived from its parent-subsidiary relationship with Globalstar
7 USA; instead, they relate specifically to Globalstar's alleged conduct.  Accordingly, the
8 Court DENIES Defendant's motion to dismiss based on Plaintiffs' naming of Globalstar, Inc.
9 rather than Globalstar USA, LLC as Defendant.

**CONCLUSION**

For all of the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss as follows:

1. The motion to dismiss for lack of standing is GRANTED with leave to amend. Plaintiffs have failed to allege causation and have also failed to allege facts giving rise to standing to sue for injunctive relief.

2. The motion to dismiss for failure to state a claim is GRANTED.

   (a) Plaintiffs' claims based on affirmative misrepresentations are dismissed for failure to plead fraud with particularity and failure to allege causation.  Dismissal of these claims is with prejudice as to representations that the service was of "high quality," "reliable," and "dependable" because such statements are non-actionable sales puffery. Dismissal of the misrepresentation claims is with leave to amend as to factual representations, such as that the service works "virtually anywhere."

   (b) Plaintiffs' claims based on omissions are dismissed with leave to amend for failure to allege materiality.

3. The motion to dismiss for failure to comply with the Consumers Legal Remedies Act's pre-filing notice requirements is DENIED.  Plaintiffs adequately complied with the requirements of California Civil Code section 1782.

14

4.     The motion to dismiss for failure to sue the proper entity based on Plaintiffs' service agreement with Globalstar USA, LLC is DENIED.  Plaintiffs have adequately alleged wrongful conduct by Defendant Globalstar, Inc.

5.     As ordered at the hearing, Plaintiffs shall file their second amended complaint within thirty days of the date of the hearing – i.e., on or before **October 17, 2007.**

**IT IS SO ORDERED.**

Dated:   09/25/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT