IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH STICKRATH, et al.,

    Plaintiffs,

v.

GLOBALSTAR, INC.,

    Defendant.

NO. C07-1941 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

On September 17, 2007, this Court held a hearing on Defendant Globalstar, Inc.'s motion to dismiss Plaintiffs' first amended complaint ("FAC"). The Court orally granted in part and denied in part Defendant's motion at the conclusion of the hearing and issued a written order explaining its ruling in more detail on September 25, 2007. The Court granted Plaintiffs leave to amend their complaint, and Plaintiffs timely filed their second amended complaint ("SAC") on October 17, 2007. Defendant subsequently moved to dismiss the SAC, and this Court heard oral argument on Defendant's motion on February 4, 2008. After carefully reviewing the parties' written and oral arguments, the Court now GRANTS IN PART and DENIES IN PART Defendant's motion for the reasons discussed below.

**BACKGROUND**

Plaintiffs Kenneth Stickrath, Sharan Stickrath, Neil Greenberg, and John Wallace seek to represent a nationwide class of individuals who purchased a satellite telephone and related service from Defendant Globalstar, Inc. between April 2003 and the present. All four plaintiffs subscribed to the service in 2004. Although the Stickraths cancelled their service on July 2, 2006, Greenberg and Wallace remain current subscribers.

Plaintiffs allege that Defendant's satellite telephone service is extremely poor, but the gravamen of the complaint is that Defendant knew about material defects in its satellite

telephone service and failed to disclose such information to Plaintiffs.[1]  Plaintiffs assert two causes of action: one under California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*, and another under California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*  Plaintiffs contend that Defendant's failure to disclose material information is unfair, unlawful, and fraudulent in violation of the UCL, and that it constitutes prohibited practices under two sections of the CLRA: "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have," Cal. Civ. Code § 1770(a)(5), and "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another," Cal. Civ. Code § 1770(a)(7).

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  In addition, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001).  A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Moreover, dismissal should be with leave to amend unless it is clear that amendment could not possibly

---

[1] The FAC also alleged that Defendant made affirmative misrepresentations, but Plaintiffs abandoned those allegations in the SAC.

2

cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

**DISCUSSION**

**I.   CLRA Claims by Plaintiffs Greenberg and Wallace**

First, it is undisputed that Plaintiffs Greenberg and Wallace do not fall under the CLRA's definition of "consumer." Cal. Civ. Code § 1761(d) (defining "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes"). Accordingly, Defendant's motion to dismiss these two plaintiffs' CLRA claims with prejudice is GRANTED.

**II.   Sufficiency of Plaintiffs' Allegations Regarding a Duty to Disclose**

Turning to the disputed arguments, the Court dismissed Plaintiffs' claims regarding omissions from the FAC because Plaintiffs failed to allege materiality – i.e., that "had the omitted information been disclosed, [they] would have been aware of it and behaved differently," *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993) – and also failed to allege that Defendant had a duty to disclose the omitted information. Plaintiffs have now cured the deficiency regarding materiality, and Defendant no longer seeks dismissal on that basis.

Defendant does, however, continue to seek dismissal of Plaintiffs' claims based on failure to allege a duty to disclose. Under California law, such a duty arises in four circumstances:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

*Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986); *see also Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) (applying the same test). Plaintiffs assert that they have adequately alleged a duty to disclose under the second and third of these

3

circumstances, while Defendant contends that Plaintiffs have failed to allege exclusive knowledge or active concealment with sufficient particularity.

As this Court ruled when deciding Defendant's motion to dismiss the FAC, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to Plaintiffs' claims. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Court previously explained that:

> To meet these requirements, fraud allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This generally requires plaintiffs to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). However, where allegations rest on claims of omission, this standard is relaxed because, "[f]or example, a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." *Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987).

Sept. 25, 2007 Order Granting in Part & Denying in Part Def.'s Mot. to Dismiss at 7.

As part of Plaintiffs' active concealment theory, Plaintiffs allege that Defendant "concealed from purchasers of the satellite telephone service and/or failed to alert the purchasers of the degradation of the communications satellites and associated satellite telephone service." SAC ¶ 68. Plaintiffs also rely on paragraph 60 of the SAC for the proposition that "various Globalstar customers complained between 2003 and 2007." Opp'n at 5. However, Defendant correctly observes that paragraph 60 purportedly lists complaints posted on the internet, but that the SAC fails to include in paragraph 60 or elsewhere the dates on which such complaints were allegedly made. Nor does the SAC allege, in paragraph 60 or elsewhere, that the listed complaints were made to Defendant or that Defendant otherwise knew of such complaints. Thus, paragraph 60 does not support Plaintiffs' assertion that Defendant knew of material defects in its service based on consumer complaints made prior to Plaintiffs' 2004 purchases.

4

1 Nonetheless, the SAC does allege that Defendant has known of material defects in its
2 service "since at least 2003, if not earlier," SAC ¶ 35, and, similarly, that Defendant "has
3 known of the degradation of the communications satellites and associated satellite telephone
4 service since at least 2003," *id.* ¶ 68. Under Rule 9(b), knowledge "may be alleged
5 generally," and the Ninth Circuit has explained that, in non-securities cases, "plaintiffs may
6 aver scienter generally, just as the rule states – that is, simply by saying that scienter existed."
7 *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc) (quoted with
8 approval in *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (en banc)). Thus,
9 contrary to Defendant's assertions, Plaintiffs' bareboned allegations are sufficient to allege
10 knowledge under Rule 9(b). The Court further rejects Defendant's contention that Plaintiffs'
11 allegations of knowledge are not, as required by the Supreme Court, "plausible on [their]
12 face"; the SAC presents sufficient allegations for Defendants' knowledge of material defects
13 to be believable rather than merely imaginable.[2] *Bell Atlantic*, 127 S. Ct. at 1974 (noting that
14 plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to state a
15 claim for relief).

16 Taken together, Plaintiffs' allegations of knowledge and concealment are sufficient –
17 although just barely – to allege active concealment. Active concealment requires an intent to
18 defraud, *Falk*, 496 F. Supp. 2d at 1097 (citing *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th
19 151, 157 (2004)), but courts have found that such intent may be inferred at the pleadings
20 stage. In *Falk*, for example, the court found that "the fact that various GM customers
21 complained between 2003 and 2007 yet GM never made any attempt to notify other
22 customers or effect a recall, suggests that GM may have attempted to actively conceal the
23 alleged defect in their speedometers." *Falk*, 496 F. Supp. 2d at 1097. Although Defendant
24 correctly observes that the *Falk* plaintiffs also alleged facts suggesting that "GM tried to
25 gloss over the problems with its speedometers by replacing broken ones with the exact same

---

[2] As the Court noted when ruling on Defendant's motion to dismiss the FAC, "[u]ltimately, Plaintiffs may have difficulty proving Defendant's knowledge . . . prior to 2007, as much of the complaint focuses on information released that year. However, it would be premature for this Court to resolve that issue on this motion to dismiss." Sept. 25, 2007 Order at 8 n.4.

model of speedometer, thereby giving the impression that any defects were unique cases," *id.*, that does not mean that the first allegation, standing alone, would not have been sufficient for plaintiffs to defeat a motion to dismiss. In a California appellate case cited by Plaintiffs and ignored by Defendant, the court similarly stated that "[i]t may be inferred that [the defendant] concealed [material information] with fraudulent intent, for the purpose of making a profit." *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 96 (2001). The Court concludes that intent to defraud may also be inferred in this case, and Plaintiffs' allegations that Defendant knew of material defects but did not disclose them to potential customers are sufficient to allege a duty to disclose under an active concealment theory. Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' claims based on a failure to allege a duty to disclose.

Because Plaintiffs' allegations of active concealment are sufficient to allege a duty to disclose, the Court need not decide whether Plaintiffs' have also alleged a duty to disclose under an exclusive knowledge theory. Nonetheless, in case Plaintiffs seek to continue to rely on that theory, the Court notes its agreement with Defendant that the paragraphs of the SAC cited by Plaintiffs during oral argument – paragraphs 19 through 25 – do not appear to support an allegation of exclusivity given that Plaintiffs allege disclosure by Defendant "in public filings," SAC ¶ 21, and in "an application with the FCC," *id.* ¶ 24.

### III. Claim for Injunctive Relief

Finally, Defendant moves to dismiss Plaintiffs' claim for injunctive relief. This Court previously dismissed the Stickraths' claim for injunctive relief for lack of standing because they no longer subscribe to Defendant's services. Plaintiffs remedied this defect by adding two current subscribers, Greenberg and Wallace, as named plaintiffs. Although these plaintiffs' CLRA claims have been dismissed, their UCL claims remain viable.

Injunctive relief is available under the UCL, but it "has no application to completed wrongs absent a showing of threatened future harm or a continuing violation." *Sun Microsystems, Inc. v. Microsoft Corp.*, 87 F. Supp. 2d 992, 1004 (N.D. Cal. 2000). In this

case, Plaintiffs do allege – albeit quite vaguely – that they "will continue to suffer harm and damages" as a result of Defendant's conduct, SAC ¶ 67, and that Defendant "has engaged in, is engaged in, and proposes to engage in . . . unlawful, unfair, and fraudulent business acts and practices," *id.* ¶ 86. Plaintiffs also specifically "seek injunctive relief prohibiting defendant from charging an early termination fee to those class members seeking to terminate their Service with Globalstar due to the defective Service." *Id.* ¶ 98.

While injunctive relief may not ultimately be proper, the Court declines to dismiss the prayer for such relief at this early stage of the proceedings because the complaint contains sufficient allegations for injunctive relief to remain a possibility in this case. This is not, for example, a case where the defendant contends that plaintiffs lack standing to seek injunctive relief, in which case dismissal would be proper. *See, e.g., Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036-37 (9th Cir. 2006). Consequently, Defendant's motion to dismiss Plaintiffs' claim for injunctive relief is DENIED.

**CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss Plaintiffs' second amended complaint is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the CLRA claims by Plaintiffs Greenberg and Wallace and DENIED in all other respects.

IT IS FURTHER ORDERED that:

1. Pursuant to the parties' agreement in their January 24, 2008 joint case management statement, Defendant shall file an answer to the second amended complaint within thirty calendar days of the date of this order.

2. The parties shall appear before the Court for a further case management conference on **March 24, 2008, at 1:30 PM**. They shall meet and confer and file a joint case management statement on or before **March 17, 2008**. The Court has reviewed the parties' January 24, 2008 joint case management statement and advises the parties to be prepared to address why their proposed close of class discovery is after the proposed filing deadline for

7

Plaintiffs' motion for class certification, and also why the parties request sixty and thirty days to prepare an opposition and reply, respectively, to the class certification motion.

**IT IS SO ORDERED.**

Dated:   02/06/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT