IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH STICKRATH[1],

        Plaintiff,

v.

GLOBALSTAR, INC.,

        Defendant.

NO. C07-1941 TEH

ORDER VACATING HEARING AND GRANTING PLAINTIFF'S AND COUNTERCLAIM DEFENDANT'S MOTION TO STRIKE COUNTERCLAIM

Plaintiff Kenneth Stickrath[1] moves to strike Globalstar's counterclaim for declaratory judgment under Fed. R. Civ. Pro. 12(f) on the ground that it is redundant of the Complaint and Globalstar's affirmative defenses. He also seeks dismissal of parts of the counterclaim for failure to state a claim. Having considered the Parties' briefs, the Court has determined this matter is appropriate for resolution without oral argument. Accordingly, the hearing set for Monday, May 19, 2008 is VACATED, Plaintiff's Motion is GRANTED without prejudice to refiling, as set out below.

**FACTUAL BACKGROUND**

Plaintiff Kenneth Stickrath, seek to represent a nationwide class of individuals who purchased a satellite telephone and related service from Defendant Globalstar between April 2003 and the present. He subscribed to the service in 2004. He alleges that Globalstar's satellite telephone service is extremely poor, but the gravamen of the complaint is that Globalstar knew about material defects in its satellite telephone service and failed to disclose such information to Plaintiff. Plaintiff asserts causes of action under California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200 *et seq.* and California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.* Plaintiff contends that Globalstar's failure to disclose material information is unfair,

---

[1] Plaintiffs Sharan Stickrath, Neil Greenberg, and John Wallace were dismissed by stipulation during the pendency of this motion.

unlawful, and fraudulent in violation of the UCL, and that it constitutes prohibited practices under two sections of the CLRA: "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have," Cal. Civ. Code § 1770(a)(5), and "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another," Cal. Civ. Code § 1770(a)(7).

On March 6, 2008, Globalstar filed its Answer, Affirmative Defenses and "Counterclaims" to the Second Amended Complaint. Globalstar asserts its "Counterclaims" under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against "Plaintiff[] and Counterclaim Defendant[] Kenneth ... Stickrath and any members of the purported class who executed the Service Agreement with Globalstar USA, L.L.C." Answer at 31. Globalstar alleges that Mr. Stickrath signed a Service Agreement with Globalstar and that the Service Agreement is "binding according to its terms." *Id.*. Globalstar prays:

1. That judgment be entered in favor of Defendant Globalstar, Inc. and against Plaintiff[] and the putative Plaintiff class;
2. That Plaintiff[] and the putative Plaintiff class take nothing from Globalstar by the Second Amended Class Action Complaint for Damages, and that the same be dismissed with prejudice;
3. Declaring that the Service Agreement Plaintiff Kenneth Stickrath and other members of the purported class executed with Globalstar USA, LLC is binding according to its terms;
4. Award Globalstar the costs, attorney's fees, expert witness fees, and other costs incurred by Globalstar; and
5. For such other relief as the Court deems just and proper.

Answer at 31-32.

**LEGAL STANDARD**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. Pro. 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. *Tapley v. Lockwood Green Engineers*, 502 F.2d 559, 560 (8th Cir.1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing

2

with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

**DISCUSSION**

**I.    Only One Counterclaim Is At Issue**

Plaintiff argues that Globalstar has asserted five separate counterclaims – two that are the "mirror image" of the relief Plaintiff seeks, (judgment in favor of Globalstar, declaration that Plaintiff take nothing), another that is redundant of affirmative defenses (declaration that the Service Agreement is binding), and a fourth and fifth that seek costs, fees and "such other relief as the Court deems just and proper." Globalstar says it asserts only one counterclaim – for declaratory relief about the "enforceability of the Service Agreements" that Plaintiff signed, Opp. at 2 – and that what Plaintiff describes as the other counterclaims are simply part of the "consolidated prayer for relief" which included "not only a denial of liability per the Answer" but the prayer for relief on the Service Agreement counterclaim.

This is clearly one counterclaim.   It is "customary to include a prayer at the end of the answer" which prays that the plaintiff take nothing, that judgment be rendered in favor of defendant, and that defendant be awarded "his costs of suit incurred in defense of this action" and "other such relief as the Court deems proper." Schwarzer *et al.*, *Federal Civil Procedure Before Trial* § 8:246 (2008).   Thus, everything but the request for a declaratory judgment on the enforceability of the Service Agreements, and the related prayer for costs, attorney's fees and expert fees, is merely the customary prayer at the end of the answer.  Defendant has raised one substantive counterclaim and an attendant request for fees and costs.

**II.    The Counterclaim Is Redundant Of Globalstar's Affirmative Defenses**

The counterclaim seeks a declaration that the Service Agreement is "binding according to its terms." Globalstar's Third affirmative defense already alleges that the claims in the SAC are "barred, in whole or in part, by the binding contracts that Plaintiff[] signed," Answer at 28, and the Seventeenth affirmative defense alleges that "[a]ny recovery for

3

damages allegedly incurred by Plaintiff[] and members of the putative class, if any, is subject to limitations in the contracts executed by Plaintiff[]." *Id.* at 30.

### A. Striking Counterclaims Under Rule 12(f)

This Court has complete discretion whether to hear a counterclaim for declaratory judgment. The Declaratory Judgment Act gives the Court the *authority* to declare the rights and legal relations of interested parties, but not a *duty* to do so. *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 533 (9th Cir. 2008), *citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)(within a district court's sound discretion to dismiss an action for declaratory judgment); 28 U.S.C. § 2201(a).

Numerous courts have used that discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the "mirror image" of claims in the complaint or redundant of affirmative defenses. As one court explained,

> [I]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action. Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.

*Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL 3782916, 3 (N.D.Ill. December 20, 2006)(internal quotations and citations omitted); *see also Lincoln Nat. Corp. v. Steadfast Ins. Co.,* 2006 WL 1660591, 1, 2 (N.D.Ind. 2006)(although generally disfavored, motions to strike have a "salutory role" where a defendant's counterclaim "merely realleges, or is redundant of, its affirmative defenses, or merely seeks the opposite effect of a complaint," regardless of whether prejudice has been shown); *Daily v. Federal Ins. Co.,* 2005 WL 14734, 6 (N.D.Cal. January 3, 2005)(Hamilton, J.)(striking counterclaims where resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaims).[2]

---

[2] Others courts have chosen, in their discretion, not to strike redundant counterclaims. In *United Wats v. Cincinnati Ins. Co.*, 971 F.Supp. 1375 (D. Kan 1997), for example, plaintiff sued its
(continued...)

4

1 This reasoning applies fully to affirmative defenses "repackaged" as counterclaims. *See, e.g., Rayman v. Peoples Sav. Corp.,* 735 F.Supp. 841, 852-53 (N.D. Ill. 1990)(court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense"). "The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." *Tenneco Inc. v. Saxony Bar & Tube, Inc*., 776 F.2d 1375, 1379 (7th Cir. 1985), *citing* Fed. R. Civ. Pro. 8(C); *see also* Fed. R. Civ. Pro. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated...").

That said, it is not always appropriate to strike declaratory judgment counterclaims simply because they concern the same subject matter or arise from the same transaction as the complaint. The court should focus on whether the counterclaims "serve any useful purpose," *Pettrey v. Enterprise Title Agency, Inc.,* 2006 WL 3342633, 3 (N.D.Ohio, November 17, 2006), citing Wright, Miller & Kane, 6 *Federal Practice & Procedure* 2d § 1406, and should dismiss or strike a redundant counterclaim only when "it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Pettrey, supra* at 3*, citing Aldens, Inc. v. Israel Packel*, 524 F.2d 38, 51-52 (3d Cir.1975).

In patent and trademark infringement cases, for example, a court may find a defendant has no liability for infringement "without adjudicating the validity of the underlying intellectual property." *Pettrey*, *supra* at 3. As one court put it, a defendant in a patent case has "something to gain from a counterclaim declaration of invalidity" – it can go on to develop its products without fear of infringing the invalid patent. *Digital Envoy, Inc. v.*

---

[2](...continued)
insurer for breach of duty to defend, and the insurer counterclaimed, seeking a declaration that it was not obliged to defend the plaintiff under the insurance contract. The Court held merely that "declaratory judgment suits are well-suited to cases in which insurance companies seek a declaration of their liability. There is no reason why such actions may not be initiated in the form of a counterclaim." *Id*. at 1381 (citation omitted). *See also International Woodworkers of America, Local 6-64, C I O v. McCloud River Lumber Co.,* 119 F.Supp. 475, 488 (N.D. Cal. 1953)(allowing, without analysis, a mirror-image declaratory judgment counterclaim raising the same issues as those brought up by the plaintiff's first cause of action and the defendant's answer).

*Google, Inc.,* 2006 WL 824412, 2 (N.D.Cal. March 28, 2006). Accordingly, courts should decline to dismiss counterclaims that seek a declaration that the patent or trademark is invalid. *See, e.g., Cardinal Chemical Co. v. Morton Int'l,* 508 U.S. 83, 94-96 (1993)("case and controversy" over patent continues after issue of infringement resolved; a "declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement"); *Dominion Electrical Mfg. Co. v. Edwin L. Weigand Co.*, 126 F.2d 172 (6th Cir. 1942)(declining to dismiss counterclaim in trademark case).

      Alternately, the counterclaim may seek different relief, in addition to raising legal issues that the court may not reach in resolving the complaint and affirmative defenses. For instance, in *Iron Mountain Sec. Storage Corp. v. American Specialty Foods, Inc.,* 457 F.Supp. 1158 (D.C.Pa. 1978), the plaintiff sought a declaration about the parties' rights and obligations, including rights to certain payments, under an option agreement. The defendant counterclaimed, alleging breach of the agreement and seeking damages for the breach. *Id.* at 1161-62. The Court held that the counterclaim was not superfluous (and therefore not subject to dismissal) because it sought damages "beyond the scope of the complaint" and not just declaratory relief.[3] Similarly, in *LeMaster v. USAA Life Ins. Co.,* 1995 WL 708656, 3 (M.D.Fla. Nov. 27, 1995), plaintiff sued for benefits under an insurance policy and the insurer counterclaimed, seeking a declaratory judgment that the contract was rescindable and had been rescinded, plus costs and fees. The court declined to strike the counterclaim, finding that the complaint, affirmative defenses, and counterclaim differed on both "factual and legal questions." *Id.* at 3. The counterclaim sought to rescind the insurance policy, while the complaint alleged breach of contract, and the counterclaim sought the "affirmative relief of costs and equitable remedies as opposed to mere affirmative defenses which are used to negate liability." *Id.; see also Gervais v. Riddle & Associates, P.C.,* 2004 WL 725332, 1 (D.Conn. March 23, 2004)(court refuses to strike counterclaim under Rule 12(f) because

---

[3] The Court also observed that "[a] ruling adverse to plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one." *Id.* at 1162. The court's holding, however, rested on the damages issue.

6

1 plaintiff acknowledged the counterclaim "exceed[ed] the scope of the controversy" in the
2 complaint).

3 In addition, early dismissal of a counterclaim under Rule 12(f) might be premature in
4 some cases.  Doing so might "ignore[] the possibility that it is very difficult to determine
5 whether the declaratory judgment counterclaim really is redundant prior to trial." Wright,
6 Miller and Kane, *supra* § 1406 at 34.  Wright and Miller cite the early case[4] *Leach v. Ross*
7 *Heater & Manufacturing Co.,* 104 F.2d 88, 91 -92 (2nd Cir. 1939), which observed,

> While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage.

They thus conclude that "the safer course for the court to follow" is to deny the request to dismiss the counterclaim "unless there is no doubt that it will be rendered moot by the adjudication of the main action." Wright, Miller, and Kane, *supra* § 1406 at 36; see also *Jungersen v. Miller,* 125 F.Supp. 846, 847 (N.D. Ohio 1954)("the best and most sensible time to determine the question is at the time of trial. No possible harm can result from the delay").

### B. Dismissal Is Appropriate Here

Here, there is a "complete identity of factual and legal issues" between the affirmative defenses and the counterclaim, and that, under its only permissible construction, the counterclaim serves no "useful purpose." *See Pettrey, supra* at 3.

First, Globalstar's declaratory judgment counterclaim would not entitle it to any costs or fees beyond those it might be entitled to as a result of successfully defending against Plaintiff's suit.  Plaintiff contends that there is no basis in law or equity for awarding fees to

---

[4] *Leach,* a patent case, was tried before the effective date of the Federal Rules of Civil Procedure. *Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co.,* 126 F.2d 172, 174 (6th Cir. 1942). The adoption of Fed. R. Civ. Pro. 41(a), which provides that a plaintiff cannot terminate the action as of right once defendant has filed an answer, means that defendants no longer need a counterclaim solely to protect against a plaintiff's dismissal without prejudice. Wright, Miller and Kane, *supra*, § 1406 at 34.

7

Globalstar on the counterclaims.[5]  In response, Globalstar fails to identify even one ground for the award of "costs, attorney's fees, experts witness fees and other costs" incurred that it requests should it prevail on its declaratory judgment counterclaim.   It argues that its prayer for relief simply echoes Plaintiff's request for fees and costs, but specific statutes provide a basis for Plaintiff's prayer for fees should he prevail.  *See*, *e.g.*, Cal. Code Civ. Pro. § 1021.5; Cal. Civ Code § 1780(d).  Although California's Civ. Code § 1717 provides for an award of attorney's fees to the prevailing party "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract," Globalstar does not argue there is a provision of the Service Agreement[6] which provides for such fees here, and the Court has identified none.[7]

Nor does the Counterclaim raise legal issues or theories apart from those already before the Court in the affirmative defenses. Globalstar asserts two basic arguments for why the counterclaim is not redundant.[8]  It claims that, like the defendants in the patent infringement cases, it has something to gain from its counterclaim beyond simple rejection of the Plaintiff's consumer protection suit:

---

[5]  Treating the request for costs and fees as a separate counterclaims, Plaintiff argues that the Court should dismiss them under Fed. R. Civ. Pro 12(b)(6).

[6]  The Service Agreement was attached as Exhibit A to the Declaration of Elizabeth I. Rogers in Support of Globalstar's Motion to Dismiss, filed July 7, 2007.  The Court may consider the agreement because the SAC necessarily relies on the service agreement, which forms the basis for Plaintiff's claims, and no party contests the agreement's authenticity. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

[7]  The scope of activities for which fees may be recovered is governed by the terms of the contract.  *CalJur Damages* § 126, *citing Yield Dynamics, Inc. v. Tea Systems Corp.,* 154 Cal. App. 4th 547 (2007), *as modified on denial of reh'g*, (Sept. 21, 2007).  Section 3(c) of the Agreement provides for payment of attorney's fees Globalstar incurs "to collect any charges from Customer," and Section 6 of the Agreement provides for an award of fees incurred "in defending any claims resulting from or relating to Customer's breach of this agreement or misuse of the Globalstar Service," but neither the Answer's affirmative defenses nor the counterclaim for declaratory judgment contain allegations of nonpayment, breach or misuse by Plaintiff.

[8]  Globalstar's first argument – that the Service Agreement Counterclaim is no "mirror image" of Plaintiff's complaint, Opp. at 8-9 – is irrelevant, as Plaintiff argues the counterclaim is redundant of the affirmative defenses, not the complaint. *See Ortho-Tain*, *supra* at *3 ("regardless of whether [the] counterclaim... is a mirror image of the complaint, it is duplicative of two ... affirmative defenses and can therefore be dismissed in this Court's discretion under the Declaratory Judgment Act").

8

> [A] ruling on the validity and meaning of the Service Agreement could bar any claims that Plaintiff[] (or for that matter, any other parties) subsequently attempted to bring on contractual or other legal theories, or on allegations not present in the current Complaint but nevertheless foreclosed by the Service Agreement. ... [J]udgment against Plaintiff[] on [his] own claims will not produce the same broad effect as judgment for Globalstar on its counterclaim....

Opp at 9.

But Globalstar is not entitled to an abstract declaration about the Service Agreements that will ward off all future litigation; the Court may only issue a declaratory judgment where there is an "actual controversy" between the parties that is "definite and concrete, touching the legal relations of parties having adverse legal interests." 28 U.S.C. § 2201; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); *MedImmune, Inc. v. Genentech, Inc.,*__U.S. __, 127 S.Ct. 764, 771 (2007) (declaratory judgment action meets the "case or controversy" requirement where there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality").

Here, although Globalstar claims there is an "actual disagreement" between the parties "with respect to the binding nature and meaning of the Service Agreements that Plaintiff[] signed," Opp. at 3, there is no dispute over whether the Agreements are "binding." Plaintiff has never argued that the Service Agreements are not "binding" or "valid" – only that the Service Agreements Globalstar's customers signed do not absolve Globalstar of its liability for violations of consumer protection laws in this case.[9] Because there is no actual dispute between the parties about whether the Service Agreements are "binding," the court cannot issue a declaration on that issue alone.

To the extent that there is a dispute about the "meaning" of the Agreements (what Globalstar presumably means by "binding according to its terms"), it has been solely about the legal ramifications of the Agreement for Plaintiff's UCL and CLRA claims – whether the Agreements are "relevant" for this lawsuit. *See* Opp. at 2 (arguing Plaintiff contends that the

---

[9] *Compare* Globalstar Opp. at 2:5-6 ("Plaintiff[] ... ha[s] taken the position that the Service Agreements are not binding") and 4:5-6 ("Plaintiff[] ha[s] taken the position that those agreements are not binding."), with Reply at 6 ("Plaintiff[] ha[s] *never* taken that position" and argues only that the Agreements do not absolve Globalstar of its liability); *see also* Plaintiff's Opposition to Motion to Dismiss, filed August 13, 2007, at 13-14 (arguing Service Agreement is irrelevant).

9

1  Agreements "are 'irrelevant' to this lawsuit"), 3 (parties disagree about the "meaning" of the
2  Service Agreements) and 4 (Plaintiff contends Agreements "do not matter for this lawsuit.").
3  In other words, the dispute is about whether the Agreements bear on liability or damages –
4  the precise issues raised by Globalstar's Third and Seventeenth affirmative defenses, which
5  allege Plaintiff's causes of action are barred or his damages limited by the Agreement.

6       Globalstar fails to specify what other issues the counterclaim could possibly address.
7  It argues a declaratory judgment could protect it from future claims involving "contractual or
8  other legal theories, or on allegations not present in the current Complaint," Opp. at 9, but
9  offers *no* concrete description of what kind of declaration would do so, or what specific
10 dispute or uncertainty the counterclaim could resolve.  The Court clearly cannot issue a
11 general declaration somehow interpreting all the terms of the multi-page Service Agreement
12 that could resolve "any claims" that Plaintiff could subsequently bring on contract or other
13 theories.  Opp at 9:16-19.[10]  Globalstar is not entitled to a blanket ruling that the Service
14 Agreements are binding in all circumstances and for all purposes – a "free pass" for any
15 future contract disputes it might have with its customers.   The Court cannot rule without a
16 dispute to frame its inquiry.

17      Globalstar next argues that the counterclaim is not redundant because the Court may
18 find there is no liability without reaching Globalstar's Service Agreement defenses – for
19 example, by finding that Plaintiff failed to prove standing, reliance, or causation.
20 But again, Globalstar has not identified any declaration the Court could issue after finding no
21 liability on Plaintiff's claims that would "serve any useful purpose." *Pettrey, supra* at 3.
22 The issue of whether the Service Agreement bars or limits liability to Plaintiff under the UCL
23 and CLRA would be moot.  Globalstar has not pointed to any other actual dispute between

---

[10] It would be even more impossible for the Court, consistent with due process, to parse every term of the Service Agreements in the abstract and hold that they are binding as to every absent class member, as Globalstar insists it should. Opp. at 9:17, 12-14. *See, e.g., Roberts v. Heim,* 1994 WL 675261, 1 (N.D.Cal., September 16, 1994)(Henderson, C.J.)(counterclaim against all absent class members may not be maintained consistent with due process, and absent class members are not "parties" for Rule 13 purposes); Conte and Newberg, *Newberg on Class Actions* § 4:34 (4th Ed. 2007)(arguing that counterclaims against absent class members are not compulsory under Rule 13, and are contrary to the basic policies underlying representative class litigation).

10

the parties, or articulated any looming threat of litigation or specific uncertainty (like the uncertainty alleged patent infringers face) that the Court could resolve.[11]

\*   \*   \*

As a general rule, the Court should deny declaratory relief "when it will neither aid in clarifying and settling legal relations in issue nor terminate the proceedings and afford the parties relief from the uncertainty and controversy they faced." *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1112 (9th Cir. 1987). In some cases, as Globalstar argues, deciding counterclaims for declaratory relief might not only defeat the plaintiff's claim of liability but settle additional disputes concerning the "interpretation and status" of certain legal relationships. Opp. at 7. But here, Globalstar has not identified any uncertainty or controversy apart from those raised in the Complaint and affirmative defenses that its counterclaim could permissibly put to rest. The counterclaim is entirely superfluous

**CONCLUSION**

The Court **GRANTS** Plaintiff's motion to strike the Counterclaim pursuant to Fed. R. Civ. Pro. 12(f), **without prejudice** to refiling should Globalstar wish to seek declaratory judgment on an issue about the Service Agreement that is in controversy and not redundant of its Third and Seventeenth affirmative defenses.

**IT IS SO ORDERED.**

Dated:  05/13/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[11] Although Globalstar repeatedly argues that its counterclaim is compulsory because it involves the same "transaction or occurrence" as the Plaintiff's claims, *see* Fed. R. Civ. Pro. 13, it is scarcely required to bring a counterclaim that is either redundant of issues already raised or raises issues not in dispute.

11