1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD M. WALSH and DAVID F. KESLER, | Case No. 07-CV-01941 TEH |
| Plaintiff, | **CLASS SETTLEMENT AGREEMENT** |
| vs. | DATE:  September 14, 2009<br>TIME:  1:00 p.m.<br>COURTROOM:  12 |
| GLOBALSTAR, INC., | |
| Defendant. | |

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

### STIPULATION OF PROPOSED CLASS ACTION SETTLEMENT

IT IS HEREBY STIPULATED AND AGREED, as of this 14th day of September, 2009, the Parties to the above-captioned matter (the "Action") have reached an agreement, expressed in this Stipulation, providing for the settlement of the Action (referred to as the "Settlement Agreement" and the acts, terms and conditions contemplated thereby are referred to as the "Settlement") between and among the Plaintiffs, individually and as representatives of others similarly situated, and the Defendant, on the terms and subject to the conditions set forth below.  The Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Plaintiffs' and Defendant's Released Claims, as defined below, upon and subject to the terms and conditions hereof.

**A.     THE ACTION.**

On April 5, 2007, Plaintiffs Kenneth Stickrath and Sharan Stickrath filed a putative Class Action Complaint against Globalstar, Inc. ("Defendant" or "Globalstar") in the above-captioned matter.  The initial Complaint alleged violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof'l Code § 17200, *et seq.*, and the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, premised on asserted affirmative misrepresentations and omissions associated with Globalstar's satellite telephone service.  Plaintiffs filed a First Amended Class Action Complaint as of right on June 29, 2007, asserting the same claims.

On July 6, 2007, Defendant moved to dismiss and, on September 25, 2007, the Court granted the motion in part with leave to amend.  The Court held that Plaintiffs failed to adequately plead the alleged misrepresentations and omissions and did not have standing to request the asserted injunctive relief under the UCL because they were not current subscribers to Globalstar's service.

On October 17, 2007, Plaintiffs filed a Second Amended Class Action Complaint, adding two named plaintiffs, Neil Greenberg and John Wallace.  The Second Amended Complaint again asserted claims under the UCL and CLRA.  Plaintiffs based their claims on an alleged failure to disclose material information regarding Globalstar's service at the time of sale, and did not allege affirmative misrepresentations.

On November 14, 2007, Globalstar moved to dismiss the Second Amended Complaint.  On February 6, 2008, the Court granted Defendant's motion in part.  The Court dismissed the CLRA

claims asserted by Plaintiffs Greenberg and Wallace Based on a finding they were not "consumers" with standing to sue under that statute. The Court sustained the claims that Plaintiffs Sharan and Kenneth Stickrath asserted under both the CLRA and UCL and the claims that Plaintiffs Greenberg and Wallace asserted under the UCL.

On March 6, 2008, Globalstar answered the Second Amended Complaint and asserted a counterclaim seeking entry of a declaratory judgment that Plaintiff Kenneth Stickrath's service agreement was binding and enforceable according to its terms. Plaintiffs filed a motion to strike the counterclaim on March 28, 2008, which the Court granted on May 13, 2008.

On May 12, 2008, the Parties stipulated to the voluntary dismissal of all claims asserted by Plaintiffs Sharan Stickrath, Neil Greenberg and John Wallace.

On April 25, 2008, Plaintiffs moved for class certification. On July 22, 2008, Globalstar opposed class certification and filed a motion for summary judgment on all claims asserted by the remaining Plaintiff, Kenneth Stickrath.

On October 29, 2008, the Court vacated oral argument on the Plaintiffs' motion for class certification and proceeded to hear Globalstar's summary judgment motion. On December 22, 2008, the Court granted Globalstar's motion for summary judgment. The Court held that Plaintiff Kenneth Stickrath's claims were *(i)* discharged by the June 29, 2004 reorganization of Globalstar's predecessor entity in bankruptcy, and *(ii)* time-barred by the three-year CLRA statute of limitations. The Court also vacated the motion for class certification, but granted the putative class leave to amend to substitute a new class representative.

On January 16, 2009, a Third Amended Class Action Complaint for Damages was filed by new plaintiffs Edward M. Walsh and David F. Kesler ("Plaintiffs"). This Complaint was pending at the time the Parties negotiated and entered into this Stipulation. Plaintiffs Walsh and Kesler asserted, on their own and on behalf of a putative class, claims under the UCL and CLRA that are substantially the same as those asserted in the Second Amended Complaint. Globalstar answered the Third Amended Complaint on February 2, 2009.

On May 6, 2009, Plaintiffs moved for class certification. On June 5, 2009, Globalstar opposed class certification and on June 26, 2009 Plaintiffs replied in support of their motion.

- 2 -

Defendant and Plaintiffs submitted supplemental briefing regarding class certification on June 29, 2009 and July 13, 2009, respectively.

**B.     MEDIATION AND SETTLEMENT NEGOTIATIONS.**

On March 10, 2008, the Parties participated in a mediation session before William N. Hebert, Esq., who was appointed pursuant to the Court's early mediation process. The Parties discussed the case and their respective settlement positions with the mediator and each other, but were unable to resolve their dispute. The Parties thereafter aggressively litigated the matter for more than a year (including extensive motion practice and discovery) without any further settlement discussions.

The Parties did not resume settlement discussions until after the filing of the Third Amended Complaint, the filing of Globalstar's answer and depositions of the Plaintiffs. On June 5, 2009, the Parties participated in a second mediation session before Mr. Hebert, which was both preceded and followed by extensive communications coordinated by Mr. Hebert. The Parties' negotiation of proposed settlement terms was, by any measure, conducted at arms' length, and at all times was conducted as aggressively as the still-ongoing litigation.

The Parties did not reach agreement in principle until July 30, 2009. On July 31, 2009, just days before the fully briefed class certification motion was scheduled for argument, the Parties filed a joint notice of settlement in principle with the Court.

On August 27, 2009, the Parties, in consideration of the factors more fully discussed below, executed a Term Sheet reflecting the terms of the Settlement.

**C.     DEFENDANT'S DENIAL OF WRONGDOING AND LIABILITY AND REASONS FOR SETTLEMENT.**

Globalstar has expressly denied and continues to deny each and all of the claims and contentions alleged by the Plaintiffs in the Action, and has denied and continues to deny the allegations of misconduct, wrongdoing, and liability upon which the Action is based, and expressly denies any other conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Nonetheless, Globalstar has concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

**D.    PLAINTIFFS' CLAIMS AND REASONS FOR SETTLEMENT.**

The Third Amended Complaint asserts consumer protection claims under the UCL and CLRA based on allegedly unlawful conduct at the point of sale of Globalstar's satellite telephone service during the period from April 2003 through February 2007.  In particular, Plaintiffs claim that Globalstar sold satellite telephones and satellite communication services to consumers when it knew, but failed to disclose, that its service would deteriorate to the point that it would not work for communicating from locations where cellular or landline service is limited or unavailable.  As a result, Plaintiffs further claim that class members' calls often cannot be connected, and, if the calls are connected, are repeatedly dropped.

Class Counsel have concluded, after extensive litigation, investigation of the facts, including consultation with their experts, extensive discovery, including review of more than 9,000 pages of documents produced by Globalstar and depositions of senior Globalstar personnel and third parties, and careful consideration of the circumstances of the Action and the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Stipulation to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Settlement Class herein defined.  Class Counsel considers the Settlement set forth in this Stipulation to be fair, reasonable and adequate and in the best interests of the Settlement Class.

**E.    DEFINITIONS.**

In addition to those terms defined elsewhere in this Stipulation, the following terms as used throughout have the meanings defined below:

1.    "Administrator" means any third party agent or administrator whom Globalstar may retain to assist in the implementation of the terms of the Settlement.

2.    "Anytime Minutes" means Minutes credited or purchased pursuant to a Service Plan that can be used at any time over the term of a Service Agreement.

3.    "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them (and any other counsel for Plaintiffs herein) for their fees and expenses in connection with the Action.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

1    4.    "Canadian Settlement" means the settlement approved on June 25, 2008, captioned

2 *Jean-Pierre Barrette v. Globalstar Canada Satellite Co.*, No. 560-06-000005-074, and filed in the

3 Superior Court of Quebec, Canada.

4    5.    "Class Counsel" means Mason, LLP, Audet & Partners, LLP, and Ram & Olson LLP.

5    6.    "Class Notice" means the notice, as approved in form and content by the Parties and

6 substantially similar to the form attached hereto as Exhibit 1 to Exhibit A, to be provided to

7 Settlement Class Members pursuant to Section I(2)(a) below.

8    7.    "Class Period" means the period beginning January 1, 2006 and concluding on

9 February 28, 2007.

10    8.    "Class Publication Notice" means the summary of the Class Notice, as approved in

11 form and content by the Parties and substantially similar to the form attached hereto at Exhibit 2 to

12 Exhibit A, to be published once after the mailing of the Class Notice pursuant to Section I(2)(b) of

13 this Stipulation.

14    9.    "Class Representatives" means Edward M. Walsh and David F. Kesler.

15    10.    "Court" means the United States District Court for the Northern District of California.

16    11.    "Defendant" means Globalstar.

17    12.    "Defendant's Released Claims" means any and all claims that Globalstar has or may

18 have against any of the Plaintiffs, Settlement Class Members, or their attorneys relating to the

19 institution or prosecution of the Action.

20    13.    "Election Form" means one or more forms to be mailed by Globalstar or its

21 Administrator to Settlement Class Members to enable them to elect relief under the Settlement

22 substantially in the form attached hereto as Exhibit 3 to Exhibit B.

23    14.    "Election Period" means the period beginning on the date that the Administrator first

24 mails the Post-Settlement Notice to any Settlement Class Member and ending on a date forty-five

25 (45) days thereafter, during which Settlement Class Members who wish to elect relief available

26 under the Settlement must do so.

27    15.    "Evolution Monthly Plan" means the Unlimited Service Plan offered to Subscribers

28 providing unlimited Minutes for a monthly fee of $34.95.

- 5 -

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

16.     "Exclusion and Objection Date" means a date no later than twenty (20) days before the date of the Fairness Hearing, by which any Settlement Class Members must exclude himself, herself or itself from any Settlement, or object to this Settlement Agreement or the proposed Settlement, in accordance with the terms of this Stipulation.

17.     "Fairness Hearing" means the hearing to be conducted by the Court, upon notice to the Settlement Class, to determine, *inter alia*, *(i)* the fairness, adequacy, and reasonableness of the proposed Settlement to the Settlement Class as a whole; and *(ii)* whether final judgment should be entered and the Court should dismiss the Action, with prejudice, in accordance with the terms of the Stipulation.

18.     "Final Fee Award" is the order constituting a final order and judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, awarding Attorneys' Fees and Expenses as more fully described in Section K below.

19.     "Final Fee Award Date" means the date ten (10) business days after which Globalstar must pay any Final Fee Award, as more fully described in Section K below.

20.     "Final Order and Judgment" is the order constituting a final order and judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, as more fully described in Sections I(4) and (5) below and substantially in the form of the Proposed Final Order and Judgment attached hereto as Exhibit B approving the Stipulation and dismissing the Action with prejudice.

21.     "Final Settlement Date" means the date on which the Final Order and Judgment shall become effective, as more fully described in Section I(5) below.

22.     "Globalstar" means Defendant Globalstar, Inc. and each of its past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, related or affiliated entities, and any entity which Globalstar is controlled by, has a controlling interest in or is under common control with, including but not limited to Globalstar USA, LLC.

23.     "Globalstar's Counsel" means the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel to Defendant.

- 6 -

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

24.     "Globalstar Satellite Service" means two-way voice and/or data communications through Globalstar's satellite network.

25.     "Globalstar Satellite Telephone" means the device, handheld, vehicle-mounted or fixed, sold by Globalstar and used to access the Globalstar Satellite Service.

26.     "Government Customers" means any federal, state, local or municipal purchasers of Globalstar Satellite Service, or any others who purchase Globalstar Satellite Service and/or Global Satellite Telephone on behalf of Government Customers or pursuant to a government plan.

27.     "Limited Service Plan" means a Service Plan that offers a limited number of Minutes during a given period (e.g., a month) over the term of a Service Agreement.

28.     "Minutes" means time credited or purchased pursuant to a Service Plan during which a Subscriber can use the Globalstar Satellite Service.

29.     "Parties" means the Plaintiffs and any other Settlement Class Members who are added as named plaintiffs in the Action, individually and as representatives of others similarly situated, and Globalstar.

30.     "Permanent Injunction" means the permanent injunction described in Section H of this Stipulation.

31.     "Plaintiffs" means Plaintiffs Edward M. Walsh and David F. Kesler, individually and as representatives of others similarly situated.

32.     "Plaintiffs' Released Claims" means any and all claims (including "Unknown Claims" as defined herein), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, asserted or that might have been asserted, by the Plaintiffs or any Settlement Class Member, against Globalstar arising out of or related to the Globalstar Satellite Service, Globalstar Satellite Telephones, any Service Agreement, any Service Plan, or any of the matters alleged in or in any way concerning, or that could have been alleged in, the Third Amended Complaint and the predecessor complaints.

33.     "Post-Settlement Notice" means the notice, as approved in form and content by the Parties and substantially similar to the form attached hereto as Exhibit 1 to Exhibit B, to be provided

to Settlement Class Members after the Final Settlement Date pursuant to Section I(2)(d) of this Stipulation.

34.    "Post-Settlement Publication Notice" means the summary of the Post-Settlement Notice, as approved in form and content by the Parties and substantially similar to the form attached hereto as Exhibit 2 to Exhibit B, to be published once after the Final Settlement Date pursuant to Section I(2)(e) of this Stipulation.

35.    "Preliminary Approval Order" is the order constituting a preliminary order pursuant to Rule 23 of the Federal Rules of Civil Procedure preliminarily approving this Settlement and approving the form and manner of notice to Settlement Class Members, as more fully described in Section I(2) below, and substantially in the form of the order attached hereto as Exhibit A.

36.    "Prepaid Service Plan" means either a Limited or Unlimited Service Plan in which Minutes are purchased in advance for use during any period of time greater than one month (e.g., a year).

37.    "Release" means the releases and waivers set forth in Section G of this Stipulation.

38.    "Released Parties" means Globalstar, Plaintiffs and any Settlement Class Member, including their past, present and future parents, subsidiaries, affiliates, predecessors, successors, assigns, entities and divisions, and each of their respective past, present and future officers, directors, employees, general agents, agents, producers, brokers, solicitors, representatives, attorneys, insurers, co-insurers, re-insurers, partners, joint venturers, accountants, trustees, heirs, administrators, executors, predecessors, successors and assigns, or any of them, including any person or entity acting on the behalf or direction of any of them.

39.    "Resellers" means purchasers of Globalstar goods and services, including Globalstar Satellite Service and/or Globalstar Satellite Telephones, that retain and bill customers directly, outside of Globalstar's billing system.

40.    "Reseller Customers" means those customers who purchased goods and services from Resellers.

41.    "Service Agreement" means a contract with Globalstar for the provision of Globalstar Satellite Service.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

42.   "Service Plan" means the plan selected by a Subscriber that determines the number of Minutes available to the Subscriber and the cost of those Minutes.

43.   "Settlement Agreement" or "Agreement" means this Stipulation and the attached exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

44.   "Settlement Class" means all persons who were Subscribers to Globalstar Satellite Service in the United States and were not in default on their subscription payments at any time from January 1, 2006 to February 28, 2007.  The Settlement Class shall exclude:  *(i)* Globalstar and employees of Globalstar, members of the immediate family (parents, spouses, siblings and children) of Globalstar employees, and any subsidiary or affiliate of Globalstar or related entities; *(ii)* Government Customers; *(iii)* Resellers and Reseller Customers; and, *(iv)* any person who participated in the Canadian Settlement.

45.   "Settlement Class Member" mean a person who falls within the definition of the Settlement Class as defined above who has not timely excluded himself, herself or itself from the Settlement Class pursuant to Section I(3)(a).

46.   "Settling Parties" means, collectively, Globalstar, each of the Plaintiffs on behalf of themselves, and each Settlement Class Member.

47.   "Subscriber" means those customers entering into a Service Agreement with Globalstar.

48.   "Term Sheet" means the agreement executed by the Parties on August 27, 2009 recording, in part, the terms of the Settlement.  As of the Final Settlement Date, the Term Sheet shall be deemed to have been superseded and replaced by this Stipulation.

49.   "Third Amended Complaint" shall mean the operative complaint filed by Plaintiffs in the above-captioned matter on January 16, 2009.

50.   "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which any Plaintiff, or any Settlement Class Member, does not know or suspect to exist in his, her or its favor at the time of the Release in Section G below, which, if known by him, her or it might affect his, her or its decision whether to object to this Settlement.

51.    "Unlimited Service Plan" means a Service Plan that offers an unlimited number of Minutes during a given period (e.g., a month) over the term of a Service Agreement.

## F.    CLASS-WIDE RELIEF OPTIONS.

Subject to the satisfaction of all terms and conditions set forth herein, following the Final Settlement Date, Globalstar shall in accordance with this Stipulation make available to Settlement Class Members the following relief:

1.    Current Subscribers:  Settlement Class Members who were Subscribers at any time during the Class Period and are still Subscribers ("Current Subscribers"), upon receipt of Post-Settlement Notice may elect one of the following three forms of relief:

(a)    *Continued Service* – Current Subscribers may continue their current Service Agreements without any change to their terms or Service Plan.

(1)    Current Subscribers continuing their current Service Agreements under a Limited Service Plan may also elect to receive a credit of an additional one-hundred and fifty (150) Anytime Minutes usable for a period of twelve (12) months following the Final Settlement Date; provided, however that such relief will only be provided if the Current Subscriber's account is current and in good standing.

(2)    Current Subscribers continuing their current Service Agreements under an Unlimited Service Plan may also elect to receive a fifty dollar ($50.00) credit to their Globalstar accounts to be posted twelve (12) months following the Final Settlement Date, provided, however that such relief will only be provided if the Current Subscriber's account is current and in good standing; or,

(b)    *Change in Service* – Current Subscribers may change their current Service Plan to the Evolution Monthly Plan.  For Current Subscribers electing this form of relief, Globalstar will:  *(i)* waive the otherwise applicable fifty dollar ($50.00) activation fee; *(ii)* guarantee that the terms of the Evolution Monthly Plan will continue to be offered to the Current Subscriber through June 30, 2010; and, *(iii)* make a fifty dollar ($50.00) credit to the Current Subscriber's Globalstar account to be posted twelve (12) months following the Final Settlement Date, provided, however

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California  94304

- 10 -

that such relief will only be provided if the Current Subscriber's account is current and in good standing; or

(c)     *Termination of Service* – Current Subscribers may cancel their current Service Plan and Service Agreement without termination fees and receive a proportionate refund of any unused service still available under a Prepaid Service Plan calculated as of the date the termination is effective in Globalstar's billing system.  In addition, Current Subscribers electing to terminate their service may elect to either:  *(i)* return their Globalstar Satellite Telephone in working condition with battery and charger and receive a cash payment of seventy-five dollars ($75.00); or *(ii)* return their Globalstar Satellite Telephone in working condition absent battery and/or charger and receive a cash payment of twenty-five dollars ($25.00).

2.     <u>Former Subscribers:</u>  Settlement Class Members who were Subscribers at any time during the Class Period but were not current Subscribers as of June 1, 2009 ("Former Subscribers"), upon receipt of Post-Settlement Notice may elect one of the following two forms of relief:

(a)     *Reactivation of Service* -  Former Subscribers may elect to reactivate their Globalstar Satellite Service with the otherwise applicable fifty dollar ($50.00) activation fee waived by purchasing any then-available Service Plan before June 30, 2010.

(1)     Upon the purchase of any such Service Plan, the Former Subscriber will receive a voucher entitling him, her or it to a discount of four hundred dollars ($400.00) off the purchase of a new Globalstar Satellite Telephone Model GSP-1700 valid for any such purchase prior to December 31, 2010.

(2)     Former Subscribers who: *(i)* purchase a Limited Service Plan will receive a credit of an additional one hundred and fifty (150) Anytime Minutes usable for a period of twelve (12) months following the Final Settlement Date, provided, however that such relief will only be provided if the Former Subscriber's account is current and in good standing; or, *(ii)* purchase an Unlimited Service Plan will receive a fifty dollar ($50.00) credit to his, her or its Globalstar account posted twelve (12) months after the Final Settlement Date, provided, however that such relief will only be provided if the Former Subscriber's account is current and in good standing; or

- 11 -

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

(b)     *Return of Equipment* - Former Subscribers who do not elect to reactivate their Globalstar Satellite Service may elect to either:  *(i)* return their Globalstar Satellite Telephone in working condition with battery and charger and receive a cash payment of seventy-five dollars ($75.00); or *(ii)* return their Globalstar Satellite Telephone in working condition absent battery and/or charger and receive a cash payment of twenty-five dollars ($25.00).

## G.     RELEASE

1.     <u>Settlement Class Members' Release</u>:  Upon the Final Settlement Date, the Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective predecessors, successors, affiliates, heirs, agents, attorneys, executors, administrators, successors and assigns, and any persons they represent, shall, by operation of this Stipulation and the Final Order and Judgment, with respect to each and every Plaintiffs' Released Claim, release and be deemed to release and forever discharge, and shall forever be enjoined from prosecuting, any Plaintiffs' Released Claims against Globalstar.  By entering into this Stipulation, Plaintiffs represent and warrant that they have not designated, hypothecated, transferred, or otherwise granted any interest in the Plaintiffs' Released Claims, or any of them, to any other person or entity.

2.     <u>Globalstar's Release</u>:  Upon the Final Settlement Date, Globalstar on behalf of itself, and its respective predecessors, successors, affiliates, heirs, agents, attorneys, executors, administrators, successors and assigns, and any persons they represent, shall, by operation of this Stipulation and the Final Order and Judgment, with respect to each and every Defendant's Released Claim, release and be deemed to release and forever discharge, and shall forever be enjoined from prosecuting, any Defendant's Released Claims against any of the Plaintiffs or Settlement Class Members.  By entering into this Stipulation, Globalstar represents and warrants that it has not designated, hypothecated, transferred, or otherwise granted any interest in the Defendant's Released Claims, or any of them, to any other person or entity.

3.     <u>Unknown Claims Released</u>:

(a)     With respect to any and all Plaintiffs' Released Claims, the Settling Parties stipulate and agree that, upon the Final Settlement Date, the Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Final

- 12 -

Order and Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

(b)     The Plaintiffs and Settlement Class Members recognize that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject-matter of the Plaintiffs' Released Claims, but the Plaintiffs shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Final Settlement Date, shall be deemed to have and by operation of the Final Order and Judgment shall have fully, finally, and forever settled and released, any and all Plaintiffs' Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this Release is part.

4.     Without in any way limiting its scope, the Release set forth herein covers, without limitation, any and all claims for Attorneys' Fees and Expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or by

- 13 -

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement and/or the Plaintiffs' Released Claims, except to the extent otherwise specified in the Settlement Agreement.

5.     By execution of this Stipulation, Globalstar does not intend to release any claim against any insurer, reinsurer or other third party for any cost or expense incurred hereunder in connection with the Action, including Attorneys' Fees and Expenses and costs.

6.     Nothing in the Releases set forth herein shall preclude any action to enforce the terms of the Settlement Agreement, the Final Order and Judgment, the Release, or the Permanent Injunction.

**H.     PRELIMINARY AND PERMANENT INJUNCTIONS.**

1.     The proposed Preliminary Approval Order, attached hereto at Exhibit A, shall order, *inter alia*, a preliminary injunction that bars and enjoins all Settlement Class Members, and anyone acting on their behalf, from filing, commencing, organizing, prosecuting, intervening in, participating in, or in any other manner assisting (as class members or otherwise) any lawsuit, claim or other proceeding in any jurisdiction based on or relating to the matters subject to the Release set forth above in Section G above.

2.     The proposed Final Order and Judgment, attached hereto at Exhibit B, shall, *inter alia*, convert the preliminary injunction described above in Section H(1) into a permanent injunction.

**I.     SETTLEMENT APPROVAL PROCESS.**

1.     <u>Preliminary Approval</u>:

(a)     As soon as reasonably practicable after the execution of the Stipulation, counsel for the Parties shall jointly present the Stipulation to the Court for its preliminary approval and take all appropriate steps to obtain entry of the Preliminary Approval Order, included as Exhibit A, which, *inter alia*, would:

(1)     conditionally certify a settlement class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) composed of the Settlement Class Members;

(2)     preliminarily approve the Stipulation and Settlement Agreement;

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

(3)      approve the proposed notices in a form substantially similar to those attached as Exhibit 1 to Exhibit A hereto (*i.e.,* the Preliminary Approval Order); and,

(4)      set a date for the Fairness Hearing ninety (90) days from the date of the Preliminary Approval Order, or such other date thereafter as soon as is convenient for the Court.

(b)      The Settling Parties agree that the Settlement Class shall be certified for purposes of settlement only.  Globalstar does not consent to certification of the Settlement Class for any purposes other than to effectuate settlement.  Globalstar specifically reserves all rights to object to any future motion to certify any class in the event the Settlement Agreement is not approved, or any orders entered into in connection therewith are vacated.

(c)      Neither the Stipulation nor the Settlement contemplated herein shall in any way be deemed to constitute an admission, agreement or finding that Globalstar is liable, that class treatment would be appropriate if the case were to be litigated, or that damages are available to the Plaintiffs or the Settlement Class Members.

2.    <u>Notice of Settlement</u>:  For purposes of providing Court-approved Class Notice and Post-Settlement Notice and establishing that the best practicable notice has been given, membership in the Settlement Class and the provision of class notice will be accomplished as follows.

(a)      <u>Class Notice:</u>  Within fifteen (15) business days after the Court's entry of the Preliminary Approval Order, Globalstar shall cause the Administrator to commence sending the Class Notice, in a form substantially similar to that attached as Exhibit 1 to Exhibit A hereto, by United States mail, postage prepaid, to members of the conditional Settlement Class at each member's last known address as recorded in Globalstar's billing records as of the date of the Term Sheet or any date thereafter.

(b)      <u>Class Publication Notice</u>: Globalstar shall cause the Administrator to publish once the approved summary form of the Class Notice, in a form substantially similar to that attached as Exhibit 2 to Exhibit A hereto, in the national edition of *USA Today* within ten (10) days of mailing the Class Notice.

(c)      <u>Notice to Federal and State Officials</u>:  Globalstar (or at its option, the Administrator) shall serve notice of this Stipulation that meets the requirements of the Class Action

- 15 -

Fairness Act ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten (10) days after the Stipulation is filed with the Court, and Globalstar shall bear the costs of this notice under CAFA.

    (d) <u>Post-Settlement Notice</u>:  Globalstar shall cause the Administrator to send the Post-Settlement Notice by United States mail, postage prepaid, to all Settlement Class Members, in a form substantially similar to that attached as Exhibit 1 to Exhibit B hereto, within fifteen (15) days after the Final Settlement Date.  The Post-Settlement Notice shall, *inter alia*:

      (1) Inform Settlement Class Members that the Final Order and Judgment approving the Settlement (including the Release and Permanent Injunction) has become final and is no longer subject to appeal;

      (2) Inform Settlement Class Members that they are entitled to the relief available under, and are subject to all the terms set forth in, this Settlement Agreement and the Final Order and Judgment; and,

      (3) Include an Election Form.

    (e) <u>Post-Settlement Publication Notice</u>:  Globalstar shall cause the Administrator to publish once the approved summary form of the Post-Settlement Notice, in a form substantially similar to that attached as Exhibit 2 to Exhibit B hereto, in the national edition of *USA Today*, within ten (10) days of mailing the Post-Settlement Notice.

    (f) <u>Undeliverable Notice</u>:  In the event a Class Notice or Post-Settlement Notice sent pursuant to this Section is returned to the sender because it could not be delivered, Globalstar and the Administrator will attempt to identify, using NCOA or another administratively manageable method, the current address and, if successful in doing so, shall cause the mailed notice to be re-mailed one time.

    (g) <u>Settlement Website</u>:  The Administrator shall establish and maintain an Internet website containing information about the Settlement.  The Settlement Website will be accessible no later than the date on which the first Class Notice is mailed and will be maintained until thirty (30) days after the Election Period has closed.  The Settlement Website will have available for review and downloading the following: *(i)* the full text of the Settlement Agreement

- 16 -

(with exhibits); *(ii)* the Class Notice; *(iii)* the Preliminary Approval Order and Proposed Final Order and Judgment; *(iv)* the Third Amended Complaint, and, *(v)* upon the Final Settlement Date, the Post-Settlement Notice and Election Form.

(h)     No Other Incurred Costs or Expenses:  Globalstar shall pay the costs of preparing, printing, posting, mailing and publishing the approved notices, and administration, as described in this Section, but Globalstar shall have no further obligation to identify or locate Settlement Class Members, or to mail or otherwise disseminate the approved notice, beyond the obligations set forth in this Stipulation.

(i)     Affidavit of Notice of Mailing:  At or before the Fairness Hearing, Globalstar shall file with the Court an appropriate affidavit evidencing mailing of the Class Notice and publishing of the Class Publication Notice.

3.     Exclusions and Objections.

(a)     Request for Exclusion from Settlement: To be excluded from the Settlement Class, a conditional member shall send a written request for exclusion to the Administrator (the "Exclusion Request"), with a copy to Globalstar's Counsel and Class Counsel.

(1)     The Exclusion Request must:  *(i)* contain the original signature of the member of the conditional Settlement Class, his, her or its name, current postal address, current telephone number, Globalstar account number and a specific statement that he, she or it requests to be excluded from the Settlement Class; and, *(ii)* be postmarked no later than twenty (20) days prior to the Fairness Hearing.  In no event shall persons who purport to request exclusion from the Settlement Class as a group, aggregate, or class involving more than one member of the conditional Settlement Class be considered valid.  Exclusion Requests that do not comply with any of the foregoing requirements will not be accepted.

(2)     Class Counsel or Globalstar's Counsel shall provide the Court with a list of all conditional Settlement Class members submitting an Exclusion Request in accordance with Section I(3)(a)(1) above (the "Exclusion List") at or before the Fairness Hearing.  The Exclusion List shall be appended to the Final Order and Judgment as entered by the Court.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

(b)    Objections to Settlement: Any Settlement Class Member who does not submit a valid and timely Exclusion Request, may object to the Settlement by mailing a written statement of his, her or its objection (the "Objection") to the Court at the following address:  Clerk of Court, United States District Court for the Northern District of California, Philip E. Burton Courthouse and Federal Building, 450 Golden Gate Ave., 16th Floor, San Francisco, California, 94102, with copies to the Administrator, Globalstar's Counsel and Class Counsel.

(1)    The Objection must:  *(i)* be mailed and postmarked no later than the twenty (20) days prior to the Fairness Hearing, reference the name of this action, *"Edward M. Walsh and David F. Kesler v. Globalstar, Inc.*, No. 07-CV-01941 TEH," and include the Settlement Class Member's name, current postal address, current telephone number, and Globalstar account number; *(ii)* explain the basis for the Settlement Class Member's objection and include any written material on which his, her or its objection is based or on which he, she or it intends to rely; and, *(iii)* must state whether the Settlement Class Member or his, her or its lawyer intends to appear at the Fairness Hearing.

(c)    Plaintiffs will not request exclusion from the Settlement Class, object to the proposed Settlement, or file an appeal or otherwise seek review or alteration of any order approving the Settlement, including without limitation the Preliminary Approval Order or the Final Order and Judgment.

4.    Final Approval:  The Parties shall jointly request that the Court enter a Final Order and Judgment in the form attached hereto as Exhibit B, and the Stipulation shall not become effective until such time as an order substantially in such form (with only such changes as may be agreed to by the Settling Parties) is entered and a Final Settlement Date is reached, as provided in Section I(5) hereof.  The Parties hereto agree that they will seek entry of the Final Order and Judgment as soon as practicable.  Any submissions of the Parties in support of the Settlement shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

5.    Final Settlement Date.

(a)    The Settlement shall become effective on the Final Settlement Date.  The Final Settlement Date shall be the date when each of the following have occurred:

- 18 -

(1)     Final approval by the Court of the Stipulation, following notice to the Settlement Class and a Fairness Hearing, in accordance with Rule 23 of the Federal Rules of Civil Procedure;

(2)     Entry by the Court of a Final Order and Judgment in all material respects in the form set forth in Exhibit B attached hereto (with only such changes in form as may be agreed to by the Settling Parties); and,

(3)     The expiration of any time for appeal, review or alteration of such Final Order and Judgment (including any extension of time under FRAP 4(a)(5) plus three days for mailing), or, if any appeal is filed and not dismissed, after such Final Order and Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal by writ of *certiorari*, or, alteration in any respect.

(b)     Notwithstanding anything herein to the contrary, if any appeal is filed and not dismissed, and if the sole basis for such appeal is a challenge to a request for, or any award by the Court of, Attorneys' Fees and Expenses or costs to be made to Class Counsel, then the Final Settlement Date shall be the expiration of any time for appeal, review or alteration of the Final Order and Judgment (including any extensions of time under FRAP 4(a)(5) plus three days for mailing).

(c)     Notwithstanding anything herein to the contrary, Globalstar is hereby authorized, in its sole discretion, but in consultation with Class Counsel, to implement the Settlement Agreement prior to the Final Settlement Date.

6.     Communications with Customers:  Globalstar may continue any and all ordinary course communications with its customers, regardless of whether they are or may be Settlement Class Members.  If, during the course of any such communication a customer inquires about the Settlement, Globalstar shall refer the inquiry to the Administrator or Settlement Website.

7.     Election of Relief.

(a)     Election Form:  In order to elect and receive relief under the Settlement, a Settlement Class Member must complete and submit the Election Form,  in a form substantially similar to that attached as Exhibit 3 (the "Election Form") to Exhibit B hereto, identifying the form of relief the Settlement Class Member is electing.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California  94304

(1)     The Election Form will require the Settlement Class Member to provide the following information:  *(i)* name; *(ii)* current address; *(iii)* current telephone number and email address; *(iv)* Globalstar account number; *(v)* the last four digits of his/her social security number; and, *(vi)* an original signature.

(2)     The Election Form will be: *(i)* included with the Post Settlement Notice; *(ii)* available for downloading from the Settlement Website during the Election Period; and, *(iii)* provided by mail from the Administrator upon request during the Election Period.

(3)     To be considered, the completed Election Form must be mailed and postmarked during the Election Period.

(4)     Persons submitting Election Forms will be required to attest, under the pains and penalties of perjury, that they meet the definition of Settlement Class Member, and agree to be subject to the Final Order and Judgment (including releasing and permanently enjoining all Plaintiffs' Released Claims).

(b)     Election Form Processing:  Upon receipt of an Election Form, the Administrator will begin to:  *(i)* verify that the person submitting the Election Form is a Settlement Class Member who has not timely excluded himself, herself or itself from the Settlement Class; *(ii)* review the Election Form to determine if it satisfies the requirements set forth above in Section I(7)(a); and *(iii)* determine if the Settlement Class Member is entitled to the relief requested.

(1)     If the Administrator determines that the Election Form is timely, complete and submitted by a Settlement Class Member who is entitled to the relief elected, it shall: *(i)* send to Settlement Class Members electing the *Return of Equipment* relief (described in Sections F(1)(2) and F(2)(b) above) instructions for the return of equipment in substantially the form of Exhibit 4 to the Exhibit B filed herewith, which instructions shall state that Globalstar will pay the cost of returning the equipment; *(ii)* send to Settlement Class Members electing the *Reactivation of Service* relief (described in Section F(2)(a) above) notice that they will be contacted via telephone by a Globalstar representative regarding the purchase of a Service Plan substantially in the form of Exhibit 5 to Exhibit B filed herewith; and, *(iii)* with respect to all Settlement Class Members electing any form of relief, notify Globalstar, which will process the election.

- 20 -

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

(2)     If the Administrator determines that the Election Form is deficient, it shall, via the email address provided by the Settlement Class Member on the returned Election Form (or by mail if no current email address is available), notify the Settlement Class Member of the deficiency and the opportunity to resubmit the Election Form within thirty (30) days of the date of the notice (an "Election Deficiency Notice") substantially in the form of Exhibit 6 to Exhibit B.  The Election Deficiency Notice will further state that deficient Election Forms not cured within this period will be deemed finally rejected and that neither Globalstar nor the Administrator shall have any obligation to send more than one Election Deficiency Notice to any Settlement Class Member. The Election Deficiency Notice will include a copy of the Settlement Class Member's deficient Election Form.

(3)     Within five (5) business days of mailing an Election Deficiency Notice, Globalstar or the Administrator shall notify Class Counsel, via electronic and/or overnight mail, of any such Election Deficiency Notices and provide Class Counsel with a copy of any corresponding deficient Election Forms.

(4)     Within forty-five (45) days of receipt of the Settlement Class Member's Globalstar Satellite Telephone (and, if received, battery and charger) in accordance with Sections F(1)(c) and F(2)(b), Globalstar will mail a check in the appropriate amount to the Settlement Class Member at the address reflected in the Election Form.

(c)     Neither the Parties nor the Administrator shall have any further obligation to any Settlement Class Member other than outlined in this Stipulation.

## J.     TERMINATION OR MODIFICATION OF SETTLEMENT.

1.     Globalstar's willingness to settle this Action on a class-action basis is dependent upon achieving finality in this Action through entry of a Final Order and Judgment and a Final Settlement Date and the desire to avoid the expense of this and other litigation.  Consequently, Globalstar shall have the unilateral, and unfettered option and right to terminate the Stipulation, declare it null and void, and have no further obligations under the Stipulation, if more than five percent (5%) of the Settlement Class Members request exclusion from the conditional Settlement Class in this Action.

2.     This Stipulation (and the Settlement set forth herein) shall automatically terminate if:

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

(a)     The Court fails to enter the Final Order and Judgment dismissing the Action with prejudice and integrating the material terms of this Stipulation, including but not limited to the scope of the judgment, Permanent Injunction and the Release;

(b)     The Final Order and Judgment in this Action is appealed and such Final Order and Judgment is finally reversed, modified or altered on appeal; or,

(c)     Globalstar's Board of Directors fails to approve and authorize this Stipulation (and the Settlement set forth herein).

3.     In the event the Settlement is terminated or fails to become effective for any reason, then the Parties to the Stipulation shall be deemed to have reverted to their respective status in the Action as of July 13, 2009.  Thereafter, the Parties shall proceed in all respects as if the Stipulation and any other related orders had not been entered, and any amounts previously paid or caused to be paid by Globalstar, less costs of administration and notice actually incurred and paid or payable, shall be returned by check or wire transfer within five (5) business days of the event causing termination or non-compliance with the conditions to effectiveness of the Stipulation.

4.     If the Settlement Agreement is not finally approved by the Court in the form attached as Exhibit B hereto without any material change, unless agreed to by the Settling Parties, any preliminary and/or final order certifying the Settlement Class and any preliminary and/or final findings regarding class certification shall be automatically deemed null and void and vacated and the Parties shall be returned to the positions they occupied as of July 13, 2009.

## K.     CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES.

1.     Class Counsel is entitled to seek an award of Attorneys' Fees and Expenses in the Action. The Parties in good faith shall seek to agree on an amount for which Class Counsel may submit an application for the award of Attorneys' Fees and Expenses, which application Globalstar would not oppose.  If the Parties are unable to reach such agreement, the Parties will litigate that issue before the Court.  In every event, however, the Court will decide whether or not to approve any application for an award of Attorney's Fees and Expenses.

(a)      Globalstar will pay any such fee award within ten (10) business days of the Final Fee Award Date.  The Final Fee Award Date shall be the date when each of the following have occurred:

(1)      Approval by the Court of a Final Fee Award, following notice to the Settlement Class and a Fairness Hearing, in accordance with Rule 23 of the Federal Rules of Civil Procedure;

(2)      The Final Settlement Date; and,

(3)      The expiration of any time for appeal, review or alteration of such Final Fee Award (including any extension of time under FRAP 4(a)(5) plus three days for mailing), or, if any appeal is filed and not dismissed, after such Final Fee Award is upheld on appeal in all material respects and is no longer subject to review upon appeal by writ of *certiorari*, or, alteration in any respect.

2.      Class Counsel will allocate and distribute any award of Attorneys' Fees and Expenses among Counsel for the Class.

3.      Globalstar shall not be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, this Stipulation, or the proposed Settlement, other than an award ordered by the Court.

4.      The procedure for, and the allowance or disallowance by the Court of, any application for Attorneys' Fees and Expenses (including expert and consultant fees) are to be considered by the Court separately from its consideration of the fairness, reasonableness and adequacy of the Settlement.

5.      Notwithstanding anything herein to the contrary, if any appeal is filed and not dismissed, and if the sole basis for such appeal is a challenge to a request for, or any award by the Court of, Attorneys' Fees and Expenses, costs or expenses to be made to Class Counsel, such appeal shall be entirely severable from the Final Order and Judgment and shall have no effect on the determination of the Final Settlement Date as described in Section I(5) above.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

- 23 -

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

6.       Nothing herein shall be construed to permit Plaintiffs or Globalstar to terminate the Settlement Agreement solely because of the amount of Attorneys' Fees and Expenses awarded by the Court or any appellate court(s).  In the event the Parties do reach an agreement on the amount of Attorneys' Fees and Expenses, however, Globalstar may elect to terminate this Settlement Agreement if the amount of Attorneys' Fees and Expenses awarded exceeds the amount agreed upon by the Parties.

**L.       PAYMENT OF INCENTIVE AWARD TO CLASS REPRESENTATIVES**

1.       The Class Representatives are entitled to seek an incentive award from the Court. The Parties in good faith shall seek to agree on an amount for which Class Counsel may submit an application for an incentive award for the Class Representatives, which application Globalstar would not oppose.  If the Parties are unable to reach such agreement, the Parties will litigate that issue before the Court.  In every event, however, the Court will decide whether or not to approve any application for an incentive award to the Class Representatives.

2.       Globalstar will pay such incentive awards within ten (10) business days of Final Fee Award Date.

**M.       SETTLEMENT PURPOSES ONLY.**

1.       This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)       Shall not be offered or received against Globalstar or against the Plaintiffs as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any action, or the deficiency or validity of any defense that has been or could have been asserted in the Action or in any action, or of any liability, negligence, fault, or wrongdoing of Globalstar;

(b)       Shall not be offered or received against Globalstar or against the Plaintiffs as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or document which was written, signed, approved or made by Globalstar or

the Plaintiffs, or as evidence of any infirmity in the claims and defenses of, and positions taken by Globalstar or the Plaintiffs;

        (c)     Shall not be offered or received against Globalstar or against the Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

        (d)     Shall not be construed against Globalstar or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        (e)     Shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of them that any of their claims are without merit or that damages recoverable under the Third Amended Complaint would not have exceeded the amount of the Settlement hereunder.

     2.     Nothing set forth herein shall preclude any action or effort by the Parties to enforce the terms of the Stipulation and Settlement, the Final Order and Judgment, the Release, or the Permanent Injunction if approved by the Court, including without limitation use of or reference to the terms of the Stipulation to effectuate the liability protections granted hereunder.

## N.    MISCELLANEOUS PROVISIONS.

     1.     <u>Return of Documents</u>:  On or before one year after the Final Settlement Date or promptly after termination of this Settlement Agreement, each Party and his, her or its counsel (including their experts and consultants) shall, either return to opposing counsel or destroy all documents (and all copies of such documents in whatever form made or maintained) obtained from any other Party or third parties during the course of, or otherwise in connection with, this Action; provided, however, that the Parties and their respective counsel shall have the right to retain any documents made part of a Court filing and counsel's work product, regardless of the source of the documents upon which those filings are made.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

             

2.      <u>Amendments</u>:  No amendment, modification, or waiver with respect to the Stipulation will be effective unless in writing and executed by each of the Parties and, with respect to any such amendment, modification or waiver that would have a material impact on the rights or responsibilities set forth in this Stipulation, approval of the Court.

3.      <u>Entire Agreement</u>:  This Stipulation sets forth the entire Settlement Agreement among the Parties with respect to its subject matter.  The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed or referenced in, or attached, to this Stipulation exist among or between them.  The Term Sheet is hereby expressly integrated in this Stipulation (and Settlement set forth herein) and, as of the Final Settlement Date, shall be deemed to have been superseded and replaced by this Stipulation.

4.      <u>No Waiver of Rights</u>:  A failure or delay in executing any right, power, or privilege with respect to the Stipulation will not be presumed to operate as a waiver, and a single or partial exercise of any right, power, or privilege with respect to the Stipulation will not be presumed to preclude any subsequent or further exercise of that right, power, or privilege or the exercise of any other right, power, or privilege.  The waiver by one Party of any breach of this Settlement Agreement shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement by any Party.

5.      <u>Breach</u>:  If one Party to this Stipulation considers another Party to be in breach of its obligations under this Stipulation, that Party must provide the alleged breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any actions to enforce any rights under this Stipulation.

6.      <u>Severability</u>:  In the event that any court of competent jurisdiction determines that any provision (or portion thereof) of the Stipulation is unenforceable in any respect, then such provision shall be limited to the extent that such court deems it enforceable, and as so limited shall remain in full force and effect, so long as the provision (or portion thereof) is not material to the Stipulation. In such a case, the remaining provisions of the Stipulation shall remain in full force and effect.

7.      <u>Authority</u>:  All counsel and any other person executing the Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

- 26 -

authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

8.    Consideration:  Globalstar's obligation to provide any and all relief provided to the Settlement Class in this Stipulation is expressly contingent upon and in exchange for the Release and Permanent Injunction on behalf of all Settlement Class Members contained in this Stipulation.

9.    Confidentiality:  The Parties and their counsel agree to keep the existence and contents of this Stipulation and Settlement Agreement and all related negotiations confidential until the date on which Class Notice is first mailed to the Settlement Class; provided, however, that *(i)* the Parties' responses to unsolicited press inquiries shall be made in consultation with one another; and *(ii)* this Section shall not prevent the disclosure by Globalstar of such information, prior to the date on which Class Notice is first mailed to the Settlement Class, to *(a)* government agencies and other regulators, *(b)* rating agencies, *(c)* financial analysts, *(d)* accountants, auditors and attorneys, *(e)* insurers and reinsurers, or *(f)* any other person or entity (such as experts, courts, and/or Administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Settlement Agreement, or as the disclosing Party reasonably deems necessary to comply with its legal obligations.

10.    Protective Order:  The Parties and their counsel agree that the information made available to them through the discovery process was made available subject to a Protective Order between Plaintiffs and Globalstar entered by the Court on December 14, 2007, and that the same will remain in full force and effect.

11.    No Third Party Beneficiaries:  Nothing in this Settlement Agreement or in any further documents executed pursuant hereto is intended to give or shall be construed as giving any third party or parties not expressly referenced herein any rights or as imposing upon any of the Parties any obligations or responsibilities to such third party or parties.

12.    Representations of Counsel:  Class Counsel, on behalf of the Plaintiffs and the Settlement Class, and Globalstar Counsel on behalf Globalstar, represent and warrant that they shall agree to recommend approval of and vigorously support this Settlement Agreement to the Court and to undertake their best efforts to carry out the terms of this Settlement Agreement.  To that end, they

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

1  shall take all steps necessary or appropriate to: *(i)* obtain an order from the Court granting

2  preliminary approval of this Settlement Agreement; *(ii)* facilitate the dissemination of the Court-

3  approved notices to the Settlement Class; *(iii)* demonstrate the fairness and adequacy of the

4  Settlement and this Settlement Agreement at the Fairness Hearing; *(iv)* obtain a final order approving

5  this Settlement Agreement; and *(v)* in the event of appeal, support the terms and goals of this

6  Settlement Agreement on appeal. The Parties shall also take such action as may be legally proper to

7  assure the jurisdiction of the Court over this Settlement Agreement and all subsequent proceedings.

8       13.    <u>Representations of Plaintiffs</u>: Each of the Plaintiffs represents and certifies that:

9  *(i)* he has agreed to serve as a representative of the Settlement Class proposed to be certified herein;

10  *(ii)* he is willing, able, and ready to perform all of the duties and obligations of a representative of

11  the Settlement Class; *(iii)* he has been kept apprised of settlement negotiations among the Parties,

12  and has either read this Stipulation, including the exhibits attached hereto, or has received a detailed

13  description of it from Class Counsel, and that he has agreed to its terms; *(iv)* he has consulted with

14  Class Counsel about the Action, this Stipulation and the obligations of a representative of the

15  Settlement Class; *(v)* he has authorized Class Counsel to execute this Stipulation on his behalf; *(vi)*

16  he will remain and serve as a Settlement Class representative until the terms of this Stipulation are

17  effectuated, this Stipulation is terminated in accordance with its terms, or the Court at any time

18  determines that said Plaintiff cannot represent the Settlement Class; and, *(vii)* he will not request

19  exclusion from the Settlement Class, object to the proposed Settlement, or file an appeal from or

20  otherwise seek review of any order approving the proposed Settlement.

21       14.    Class Counsel and Plaintiffs agree that payment of any Attorneys' Fees and Expenses

22  in the full amount awarded by the Court, together with the Release of claims set forth in Section G,

23  is effective to release all interest, if any, of Class Counsel, the Plaintiffs, and Settlement Class

24  Members against Globalstar with respect to such claims. Class Counsel and Plaintiffs agree not to

25  make a collateral attack on the Final Order and Judgment.

26       15.    <u>Costs</u>: Except as provided in this Stipulation, each Party shall bear its own costs of

27  the Action, including taxable court costs.

28

16. <u>Governing Law</u>:  This Settlement Agreement and any ancillary agreements shall be governed by and interpreted according to the law of California, excluding its conflict of laws provisions.

17. <u>Jurisdiction</u>:  Without affecting the finality of the Final Order and Judgment entered in accordance with this Stipulation, the Court shall retain exclusive jurisdiction with respect to implementation, construction and enforcement of this Stipulation (including, but not limited to, the Release and Permanent Injunction), administration of the Settlement and all orders issued with respect thereto.  The Parties and the Settlement Class Members shall submit to the jurisdiction of the Court for purposes of implementation, interpretation and enforcement of this Stipulation.

18. <u>Notice</u>:  Whenever this Stipulation requires or contemplates that notice shall or may be given to any Party, notice shall be provided by facsimile and/or next-day (excluding Sunday) express delivery service as follows:

| If to Globalstar or Globalstar's Counsel, then to: | If to Plaintiffs or Class Counsel, then to |
|---|---|
| Jonathan A. Shapiro, Esq.<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>117 California Avenue<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | Donna F. Solen, Esq.<br>Mason LLP<br>1625 Massachusetts Ave., NW, Suite 605<br>Washington, DC 20036<br>Telephone:  (202) 429-2290<br>Facsimile:  (202) 429-2294 |

19. <u>Time</u>:  All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day on which weather or other conditions have made the office of the clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.  As used in this subpart, "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Patriot's Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day,

- 29 -

and any other day appointed as a holiday by the President or the Congress of the United States, or by the State of California.

20.    <u>Extensions</u>:  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

21.    <u>Construction</u>:  The Parties agree that *(i)* this Stipulation was drafted jointly by counsel for the Parties at arm's length and shall not be construed or interpreted against any party originating or preparing any part of it, and *(ii)* no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Stipulation was made or executed.

22.    <u>Successors and Assigns</u>:  This Stipulation shall be binding upon and inure to the benefit of the Plaintiffs, Settlement Class Members, Globalstar, and their respective successors, successors in interest, heirs and assigns and to any corporation, partnership, joint venture, trust or any other entity into or with which Globalstar may hereafter merge, consolidate or reorganize.

23.    <u>Good Faith</u>:  The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

24.    <u>Cooperation</u>:  The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking Court approval of this Stipulation and to use their best efforts to effect the prompt consummation of this Stipulation and the proposed Settlement.

25.    <u>Execution in Counterparts</u>:  This Stipulation may be signed in counterparts, each of which shall constitute a duplicate original.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304

WHEREFORE, the Parties hereto have executed this Stipulation as of this 14th day of September, 2009.

GLOBALSTAR, INC.                          EDWARD M. WALSH AND  DAVID F. KESLER

By: ____/S/_____          By: ____/S/_____

Jonathan A. Shapiro                          Donna F. Solen

Jonathan A. Shapiro (257199)             Donna F. Solen (admitted *pro hac vice*)
Christopher B. Zimmerman (admitted       Gary E. Mason (admitted *pro hac vice*)
*pro hac vice*)                          Nicholas A. Migliaccio (admitted *pro hac vice*)
WILMER CUTLER PICKERING                   MASON LLP
  HALE AND DORR LLP                       1625 Massachusetts Ave., NW, Suite 605
1117 California Avenue                     Washington, D.C. 20036
Palo Alto, CA  94304                      Tel:  (202) 429-2290
Tel:  (650) 858-6000                      Fax:  (202) 429-2294
Fax:  (650) 858-6100
                                          Michael McShane, Esq.
                                          AUDET & PARTNERS, LLP
                                          221 Main Street, Suit 1460
                                          San Francisco, CA
                                          Tel:  (415) 568-2555
                                          Fax:  (415) 568-2556

                                          Michael F. Ram (104805)
                                          Karl Olson (104760)
                                          RAM & OLSON
                                          555 Montgomery Street, Suite 820
                                          San Francisco, CA 94111
                                          Tel:  (415) 433-4949
                                          Fax:  (415) 433-7311

**SIGNATURE ATTESTATION**

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 14th day of September, 2009, at Boston, Massachusetts.

/S/

_____
Jonathan A. Shapiro, Esq.

Case No. 07-CV-01941 TEH                                                    CLASS SETTLEMENT AGREEMENT

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304