IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. WALSH, et al., <br>     Plaintiffs, <br> v. <br> GLOBALSTAR, INC., <br>     Defendant. | NO. C07-1941 TEH <br><br> <u>ORDER SETTING HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT</u> |

On September 14, 2009, Plaintiffs Edward M. Walsh and David F. Kesler, Jr. (collectively "Plaintiffs") moved this Court for an order preliminarily approving the proposed Class Settlement Agreement they had reached with Defendant Globalstar, Inc. ("Globalstar"). The hearing on Plaintiffs' motion was continued pending the approval of the agreement by Globalstar's board of directors. By letter dated November 12, 2009 (Doc. 200), Globalstar's counsel notified the Court that its board had decided not to "go forward with the settlement."

On March 10, 2010, Plaintiffs and Globalstar filed a Joint Notice of Settlement (Doc. 214), informing the Court that the parties had "resolved their outstanding issues," and that Plaintiffs and Globalstar's board of directors had "approved the Class Settlement Agreement." Although neither party requests a hearing on the motion for preliminary approval, the Court has several questions regarding the agreement reached by the parties. Therefore, for good cause appearing, the parties shall appear for a hearing on Plaintiffs'

motion for preliminary approval on **Monday, March 29, 2010, at 10:00am**. The case management conference previously scheduled for the same date at 1:30pm is VACATED.

The parties shall be prepared to address the following questions at the March 29 hearing:

1. The Class is defined in the Third Amended Complaint ("TAC") as "[a]ll persons in the United States who purchased a Globalstar satellite telephone and Service from April 2003 to February 2007." The Settlement Class is defined as "all persons who were Subscribers to Globalstar Satellite Service in the United States and were not in default on their subscription payments at any time from January 1, 2006 to February 28, 2007." The class definition has been substantially narrowed for settlement purposes: the TAC class spanned 47 months, but the Settlement Class only 14. Furthermore, the Settlement Class excludes anyone who was "in default on their subscription payments at any time" during those 14 months. Please explain the rationale for these changes. Also, how is "in default" defined?

2. The forms of available relief depend on whether a Settlement Class Member is a Current Subscriber or a Former Subscriber. "Former Subscribers" are defined as "Settlement Class Members who were Subscribers at any time during the Class Period but were not current Subscribers as of June 1, 2009." "Current Subscribers" are "Settlement Class Members who were Subscribers at any time during the Class Period and are still Subscribers." What relief is available for Settlement Class Members who canceled their subscriptions *after* June 1, 2009 (excluding them from the "Former Subscribers" category) but *before* receiving the Post-Settlement Notice and electing a remedy (meaning they are not "Current Subscribers")?

3. The $50.00 credit available to Current Subscribers who maintain an Unlimited Service Plan or change to the Evolution Monthly Plan, and to Former Subscribers who purchase an Unlimited Service Plan, will only be posted to those accounts 12 months after the Final Settlement Date. This, in effect, requires class members to maintain

2

their subscriptions for another year in order to receive their elected relief. Why is the credit not made available immediately?

4. The Parties noted in the Proposed Order that the Settlement Administrator would "be recommended by the Parties." Have the Parties done so?

**IT IS SO ORDERED.**

Dated: 3/16/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT