1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD M. WALSH and DAVID F. KESLER, <br><br> Plaintiff, <br><br> vs. <br><br> GLOBALSTAR, INC., <br><br> Defendant. | Case No. 07-CV-01941 TEH <br><br> **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF FORM OF NOTICE, AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS** |

# ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF FORM OF NOTICE, AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

WHEREAS, Plaintiffs Edward M. Walsh and David F. Kesler and Defendant Globalstar, Inc. ("Globalstar") have entered into a Stipulation and Agreement of Settlement dated September 14, 2009 and amended on April 2, 2010 (collectively, the "Stipulation") in the above-captioned matter (the "Action");

WHEREAS, the Stipulation sets forth the terms and conditions of a proposed class action settlement and dismissal with prejudice of this action (the "Settlement"), and the parties have requested preliminary approval of the Settlement set forth therein;

WHEREAS, having reviewed the Stipulation and its exhibits and the pleadings and other papers on file in this action, the Court finds that preliminary approval of the Stipulation and proposed Settlement should be granted, and all defined terms in this Order shall have the same meaning assigned to them in the Stipulation;

NOW, after review of the Stipulation, and the matter having come before the Court by hearing on March 29, 2010; and the Plaintiffs having appeared by Donna F. Solen, Esq., of the law firm of Mason LLP and Michael Ram, Esq., of the law firm of Ram & Olson, LLP, and the Defendant having appeared by Jonathan A. Shapiro, Esq., and Christopher B. Zimmerman, Esq., of the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, on application of the Parties and based on the record;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

(1) The Court grants preliminary approval of the Stipulation and proposed Settlement set forth therein and all terms used herein shall have the same meaning as set forth in the Stipulation.

(2) <u>Staying the Action</u>. All discovery and other pretrial proceedings in this Action are hereby stayed and suspended until further order of the Court.

Case No. 07-CV-01941 TEH                    ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(3) <u>Jurisdiction</u>.  Pending resolution of the settlement proceedings in this matter, the Court hereby asserts jurisdiction over the members of the Settlement Class for purposes of effectuating this Settlement and releasing their claims.

(4) <u>Class Certification for Settlement Purposes Only</u>.  The Court preliminarily finds that the proposed Settlement Class meets all of the applicable requirements under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court conditionally certifies the following Settlement Class:

> All persons who were Subscribers to the Globalstar Satellite Service in the United States and were not in Default on their subscription payments at any time from January 1, 2006 to February 28, 2007.
>
> The Settlement Class shall exclude: *(i)* Globalstar and employees of Globalstar, members of the immediate family (parents, spouses, siblings and children) of Globalstar employees, and any subsidiary or affiliate of Globalstar or related entities; *(ii)* Government Customers; *(iii)* Resellers or Customers or Resellers; and, *(iv)* any person who participated in the Canadian Settlement.

The Court directs that, for the sole purpose of settlement, and without an adjudication on the merits, the Action shall proceed as a class action on behalf of the Settlement Class.

(a) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court finds that the Settlement Class identified by this Order is ascertainable, that the size of the Settlement Class is numerous, and that it would be impracticable to join all Settlement Class Members as individual parties.

(b) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court finds that the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class.  Plaintiffs allege harm for the same alleged wrongs, and the same alleged harm appears to apply to members of the Settlement Class.  The Court also finds for the purposes of settlement only, that certification of the Settlement Class is the superior method for resolving the disputes between the Parties.  The Court further finds, for the purposes of settlement

only, that members of the Settlement Class will benefit from the relief obtained in the proposed Settlement.

(c) Should the settlement not be finally approved or implemented for any reason or should the Stipulation be terminated as provided therein, the Settlement Class shall be deemed decertified and entry of this Order shall not prejudice the rights of Defendant to oppose certification of this action pursuant to Fed. R. Civ. 23.

(5) <u>Class Representatives and Co-Lead Class Counsel</u>.  Edward M. Walsh and David F. Kesler are designated as Class Representatives for the purpose of seeking approval of the settlement of the Action.  The law firms of Mason LLP, Audet & Partners, LLP, and Ram & Olson LLP are hereby designated as Co-Lead Class Counsel for the Class.

(6) <u>Granting Preliminary Approval</u>.  The Stipulation and Settlement Agreement are preliminarily approved as fair, reasonable and in the best interests of the Settlement Class, subject to the right of any Settlement Class Member to challenge the Settlement Agreement and to show cause, if any exists, why a Final Order and Judgment dismissing this Action (based on the Settlement Agreement) should not be entered after due and adequate notice to the Settlement Class and a Fairness Hearing as ordered herein.

(7) <u>Findings Regarding Proposed Settlement</u>.  The Court finds that:  *(i)* the proposed settlement resulted from extensive arm's-length negotiation and was concluded only after Class Counsel had conducted extensive discovery; and, *(ii)* the proposed settlement evidenced by the Stipulation and Settlement Agreement is sufficient to warrant *(a)* notice thereof to the members of the Class and *(b)* a full hearing on the settlement.

(8) <u>Fairness Hearing</u>.  A hearing (the "Fairness Hearing") will be held on **Monday, October 4, 2010, at 10:00am** in Room 12 of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California, 94102, to determine:  *(i)* whether the Action should be finally certified for class action settlement purposes; *(ii)* whether the Settlement of the Action should be approved as fair, reasonable and adequate; *(iii)* whether the Action should be dismissed with prejudice pursuant to the terms of the Stipulation; *(iv)* whether

- 3 -

Settlement Class Members should be bound by the Release set forth in the Stipulation; *(v)* whether Settlement Class Members should be subject to a Permanent Injunction that, among other things, bars Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances related thereto, in this Action; and *(vi)* whether the application of Class Counsel for an award of Attorneys' Fees and expenses should be approved. The Parties' initial submissions in support of the Settlement and responses, if any, to any objections or appearances filed pursuant to Paragraph 14 of this Order shall be filed with the Court no later than **Monday, September 20, 2010**.

      (9)      <u>Pre-Hearing Notices</u>.

           (a)  <u>Notice by Mail</u>.  Notice substantially in the form filed with this Court as Exhibit 1 hereto (the "Class Notice") shall be mailed, at the Defendant's expense, by first-class mail, postage prepaid, no later than **June 7, 2010**, to the last known address of each member of the Class.

           (b) <u>Class Publication Notice</u>.  Summary form of the Class Notice substantially in the form filed with this Court as Exhibit 2 hereto, shall be published, at the Defendant's expense, once in the national edition of *USA Today* no later than **June 21, 2010**.

           (c) <u>Remailing and Additional Notice</u>.  Globalstar or an administrator shall remail any notices returned by the Postal Service with a forwarding address that are received by Globalstar or the administrator at least **sixty (60) days before the Fairness Hearing**.

           (d) <u>Proof of Mailing</u>.  At or before the Fairness Hearing, the Defendant or an administrator shall file with the Court a proof of mailing of the Class Notice.

           (e) <u>CAFA Notice</u>.  The Court finds that service of this Stipulation together with the materials specified in 28 U.S.C. § 1715(b) upon the entities and individuals listed in Exhibit 3 no later than ten (10) days after the Stipulation was filed with the Court, shall constitute sufficient notice to the appropriate federal and state officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

1    (10)  Findings Concerning Notice.  Having considered, among other factors *(i)* the various
2 methods by which notice to members of the Settlement Class might be given, *(ii)* the stake of each
3 member of the Settlement Class, and *(iii)* the likelihood that significant numbers of Settlement Class
4 Members might desire to exclude themselves from the Settlement Class or appear individually, the
5 Court finds that notice given in the form and manner provided in paragraph 9 of this Order is the
6 best practicable notice and is reasonably calculated, under the circumstances, to apprise members of
7 the Class *(a)* of the pendency of this Action, *(b)* of the terms of the Settlement, *(c)* of the binding
8 effect of any judgment approving the Settlement on those who do not exclude themselves from the
9 Settlement Class, *(d)* of the manner in which Class Counsel will be compensated, *(e)* of the manner
10 in which any additional compensation will be provided to named Plaintiffs, *(f)* of their right to
11 exclude themselves from the proposed settlement, *(g)* that any judgment, whether favorable or not,
12 will include all Settlement Class Members who have not been excluded, and *(h)* that any Settlement
13 Class Member who has not been excluded may object to the settlement and, if he or she desires,
14 enter an appearance either personally or through counsel.  The Court further notes that the Class
15 Notice provided in the Stipulation is written in simple English and is readily understandable by
16 members of the Settlement Class.  In sum, the Court finds that such notice is reasonable, that it
17 constitutes due, adequate and sufficient notice to all persons entitled to be provided with notice, and
18 that it meets the requirements of due process, the Federal Rules of Civil Procedure and the Rules of
19 the Court.

20   (11)  Communications with Class Members.  Globalstar is authorized to communicate with
21 members of the Settlement Class about the Action and the terms of the proposed Settlement
22 provided for in the Stipulation, and to engage in any other communication within the normal course
23 of its business.

24   (12)  Retention of Administrators.  The Court authorizes Globalstar, in consultation with
25 Co-Lead Class Counsel, to retain Rust Consulting, Inc., to help implement the terms of the proposed
26 settlement, and authorizes such administrators to assist the Defendant in *(i)* mailing the Class Notice,

- 5 -

and *(ii)* carrying out such other responsibilities as are provided for in the Stipulation or may be agreed to by the Parties in the Action.

(13) <u>Exclusion from Class</u>.

(a) <u>Requests for Exclusion</u>.  Any member of the conditional Settlement Class who wishes to be excluded from the Class must send a written request for exclusion to the Administrator, with copies to Globalstar's Counsel and Class Counsel, by first-class mail, postage prepaid, to the following addresses:

>Administrator:
>Rust Consulting, Inc.
>P.O. Box 24767
>West Palm Beach, FL 33418
>Re: <u>Edward M. Walsh and David F. Kesler v. Globalstar, Inc.</u>, Case No. 07-CV-01941-TEH
>
>Co-Lead Class Counsel:
>Donna F. Solen, Esq.
>Mason LLP
>1625 Massachusetts Ave., NW, Suite 605
>Washington, DC 20036
>Co-Lead Class Counsel for Plaintiffs and the Class
>
>Globalstar's Counsel:
>Jonathan A. Shapiro, Esq.
>Wilmer Cutler Pickering Hale and Dorr LLP
>117 California Avenue
>Palo Alto, California 94304
>Counsel for Globalstar

Any such exclusion request must be postmarked no later than **September 3, 2010**.  Any such exclusion request shall contain the original signature of the Settlement Class Member, his, her, or its name, current postal address, current telephone number, Globalstar account number and a specific statement that the conditional Settlement Class member requests to be excluded from the Settlement Class.  If the proposed Settlement is approved, any member of the Settlement Class who has neither submitted an appropriate, timely, written request for exclusion from the Settlement Class, nor has been excluded pursuant to paragraph 13(b) below, shall be bound by all subsequent proceedings, orders and judgments in this Action, even if he, she or it has pending or subsequently initiates

- 6 -

litigation encompassed by the Settlement Class Members' Release against the Defendant relating to the claims released in the Stipulation.

(b)  <u>Class Members Involved in Bankruptcy Proceedings</u>.  If, on or before the Final Settlement Date, any Settlement Class Member is a debtor subject to a pending bankruptcy proceeding with respect to such Class Member under the federal bankruptcy laws (a "Bankruptcy Proceeding"), such Settlement Class Member shall be excluded from the Settlement Class and neither the Settlement Agreement nor the Final Order and Judgment (including, without limitation, the Release and the relief provided therein) shall have any effect with respect to the Settlement Class Member, unless on or before the Final Settlement Date: *(i)* a final order and judgment approving and incorporating the terms of the Settlement Agreement as to such Settlement Class Member (in its entirety and without qualification or conditions that affect Globalstar's rights thereunder), or such other final order and judgment that the Parties agree to, has been entered by the federal court having jurisdiction over such Bankruptcy Proceeding; and *(ii)* the Settlement Class Member files such an order with this Court and delivers to Class Counsel and Globalstar's Counsel copies of the same at the addresses set forth in paragraph 14(a) below.

(14)   <u>Objections and Appearances</u>.

(a)  <u>Written Objections</u>.  Any Settlement Class Member who has not been excluded from the Settlement Class and who complies with the requirements of this paragraph may object to any aspect of the proposed Settlement and/or the award of Attorneys' Fees and expenses, either on his, her or its own or through an attorney hired at his, her or its expense.  Any Settlement Class Member who wishes to object to the proposed settlement must file with the Court and deliver to Co-Lead Class Counsel for the Class and Globalstar's Counsel a written statement of objection by no later than **September 3, 2010**.  Such statement shall include the specific reason(s), if any, for each objection, including any legal support, evidence, papers or briefs that the Settlement Class Member

- 7 -

wishes the Court to consider, shall include a reference to the case name and number, the Settlement Class Member's name, current postal address, current telephone number, and Globalstar account number, and shall be provided to each of the following:

> Clerk of the Court
> U.S. District Court for the Northern District of California
> 450 Golden Gate Avenue, 16th Floor
> San Francisco, California  94102
> Re: <u>Edward M. Walsh and David F. Kesler v. Globalstar, Inc.</u>, Case No. 07-CV-01941-TEH
>
> Donna F. Solen, Esq.
> Mason LLP
> 1625 Massachusetts Ave., NW, Suite 605
> Washington, DC 20036
> Co-Lead Class Counsel for Plaintiffs and the Class
>
> Jonathan A. Shapiro, Esq.
> Wilmer Cutler Pickering Hale and Dorr LLP
> 117 California Avenue
> Palo Alto, California 94304
> Counsel for Globalstar

Any Settlement Class Member who does not timely file and serve a written objection pursuant to the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any objection that is not timely or validly made shall be barred.

(b) <u>Appearance at Settlement Hearing</u>.  Any Settlement Class Member who files and serves a timely and valid written objection pursuant to the terms of paragraph 14(a) of this Order and complies with the requirements of this paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Settlement Class Member's expense.  Settlement Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Co-Lead Class Counsel for the Settlement Class and Globalstar's Counsel and file with the Court, at the address specified in paragraph 14(a) of this Order, by no later than **September 3, 2010**, notice of intention to appear, setting forth the case number, and the name, current address, current telephone number and Globalstar account number of the Settlement Class Member (and if applicable, the name of the Settlement Class Member's attorney).  Any Settlement Class Member who does not timely

- 8 -

and validly file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear, except for good cause.

(15) <u>Preliminary Injunction</u>.   All Settlement Class Members who have not been excluded from the Settlement Class (and all persons acting on behalf of Settlement Class Members who have not been excluded from the Settlement Class) are hereby enjoined from *(i)* directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or participate in, or receiving any benefits or other relief from, directly or indirectly (as class members or otherwise), any action, lawsuit, or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Action and/or subject of the Settlement Class Members' Release, or the facts and circumstances relating thereto; and *(ii)* organizing Settlement Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action or any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action in this Action and/or the subject of the Settlement Class Members' Release, or the facts and circumstances relating thereto. This Court finds that the issuance of this preliminary injunction is necessary and appropriate to aid the Court's jurisdiction over the Action and to protect and effectuate the Court's preliminary approval and consideration of the Settlement Agreement.

(16) <u>Deadline for Petition for Attorneys' Fees and Expenses</u>.   Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for incentive awards to the Class Representatives no later than **Monday, August 23, 2010**. Any objections or responses to the petition shall be filed no later than **Monday, September 13, 2010**.  Class Counsel may file a reply to any opposition memorandum filed by any objector no later than **Monday, September 20, 2010**.

- 9 -

1          (17)     <u>Appointment of Settlement Administrator</u>.  Rust Consulting, Inc., is hereby appointed Settlement Administrator to carry out the duties set forth in this Order and the Settlement Agreement.

         (18)     <u>Service of Papers</u>.  Globalstar's Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.  Globalstar's Counsel and Co-Lead Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Fairness Hearing.  Class Counsel and Globalstar's Counsel shall be prepared at the Fairness Hearing to respond to any objections filed by Settlement Class Members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved by the Court.

         (19)     <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if:  *(i)* the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Stipulation; or *(ii)* the proposed Settlement is terminated in accordance with the Stipulation or does not become effective as required by the terms of the Stipulation for any other reason.  In such event, the proposed Settlement and Stipulation shall become null and void and be of no further force and effect, and neither the Stipulation nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

         (20)     <u>Use of Order</u>.  This Order shall be of no force or effect if the Settlement does not become final, and shall not be construed or used as an admission, concession or declaration by or against Defendant or Plaintiffs or members of the Settlement Class of the validity of any claim or counterclaim or any actual or potential fault, wrongdoing or liability whatsoever, or by or against Plaintiffs, members of the Settlement Class or Defendant, that their claims or counterclaims lack

- 10 -

merit or that the relief requested in the Third Amended Complaint or any counterclaims are inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims it or they may have.

(21) <u>Reservation of Rights</u>.  The Court reserves the right to approve the Stipulation with such modifications as may be agreed by the Parties and without requiring further notice to the Class Members.

(22) <u>Continuation of Hearing</u>.  The Court reserves the right to continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED.**

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

Dated: _May 17_, 2010

- 11 -