United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. WALSH, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>GLOBALSTAR, INC.,<br><br>            Defendant. | NO. C07-1941 TEH<br><br>ORDER RE TEXAS ATTORNEY GENERAL'S OBJECTIONS TO CLASS SETTLEMENT |

This matter came before the Court on March 29, 2010 on Plaintiffs' motion for preliminary approval of the class settlement agreement reached with Defendant Globalstar, Inc. ("Globalstar"). The Court, by Order dated March 16, 2010, raised a series of questions regarding the terms of the settlement. The Texas Attorney General ("Texas"), having received notice of the settlement pursuant to the Class Action Fairness Act, specially appeared by telephone at the preliminary approval hearing to lodge objections to the settlement. The parties responded to the Court's questions and Texas's objections in a March 26, 2010 filing and at hearing, and amended the settlement on April 2, 2010 to address some of those concerns. Texas filed a response to the amended class settlement on April 5, 2010. The Court now addresses Texas's objections and its own concerns regarding the proposed settlement. Since the Court is satisfied that the proposed settlement is fair and not the product of collusion, the Court approves the settlement in an order filed concurrently herewith.

**BACKGROUND**

Plaintiffs Edward M. Walsh and David F. Kesler allege in their Third Amended Complaint ("TAC") that Globalstar violated California unfair competition and consumer protection law by selling satellite telephones and communication services without disclosing that the quality of its service would severely degrade as its satellites reached the end of their lifespan. After extensive litigation and settlement negotiations, the parties entered into a Stipulation of Proposed Class Action Settlement on September 14, 2009, which they amended on April 2, 2010 (collectively, the "Stipulation").

The Stipulation defines the settlement class as including "all persons who were Subscribers to Globalstar Satellite Service in the United States and were not in Default on their subscription payments at any time from January 1, 2006 to February 28, 2007." Stipulation (Doc. 191), at 9. The relief available to settlement class members depends on whether they are current or former subscribers. Those who continue or resume service with Globalstar will receive – depending on whether their service plan is unlimited or limited – a $50 credit (to be posted to the subscriber's account 12 months after the final settlement date) or a credit of 150 anytime minutes. For former subscribers who resume service, Globalstar will also waive the standard $50 activation fee and provide a $400 discount voucher for a new model GSP-1700 of the Globalstar satellite telephone. Those who cancel or do not resume service will receive $75 in cash for returning their working satellite phone with battery and charger. Members of the settlement class, in return, agree to a broad release of claims. Globalstar does not admit any wrongdoing.

**LEGAL STANDARD**

Claims of a certified class may be settled "only with the court's approval." Fed. R. Civ. P. 23(e). Where "the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Neither Texas nor the Court have identified any concerns regarding the propriety of

2

certifying the proposed class for settlement; the issues raised are directed only at the settlement's fairness. The Court "must carefully consider 'whether a proposed settlement is fundamentally fair, adequate, and reasonable,' recognizing that '[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.'" *Staton*, 327 F.3d at 952 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). The Court must also "reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties." *Ficalora v. Lockheed Cal. Co.*, 751 F.2d 995, 997 (9th Cir. 1985). "[T]he settlement must stand or fall as a whole," as the Court is not "empowered to rewrite the settlement agreed upon by the parties." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 630 (9th Cir. 1982). "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

**DISCUSSION**

Texas raises three objections to the class settlement. First, Texas objects that the proposed injunction would prevent settlement class members from participating in regulatory or civil or criminal law enforcement actions. Second, Texas contends that the scope of the release is not commensurate with the relief provided. Lastly, Texas argues that the class notice omits critical details about Globalstar's plans to improve its service quality and raise its rates, which would inform class members' decisions regarding the election of remedies. The parties addressed the last of these objections by amending its proposed class notice, and Texas is satisfied with their response. The Court therefore directs its attention to the first two objections.

The parties have requested that the Court enter a preliminary injunction barring class members from participating in other litigation related to the claims at issue here. Texas contends that such an injunction would impermissibly interfere with "the ability of States and

1 other governmental entities to investigate and prosecute actions under their consumer
2 protection and regulatory authority." Texas's Resp. to First Amendment to Class Settlement
3 (Doc. 226), at 3. The proposed preliminary injunction, with the language that Texas
4 considers objectionable underlined, is as follows:

> All Settlement Class Members who have not been excluded from the Settlement Class (and all persons acting on behalf of Settlement Class Members who have not been excluded from the Settlement Class) are hereby enjoined from (i) directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or <u>participating in</u> and/or continuing to prosecute or participate in, or <u>receiving any benefits or other relief from, directly or indirectly</u> (as class members or otherwise), <u>any action, lawsuit, or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Action and/or subject of the Settlement Class Members' Release</u>, or the facts and circumstances relating thereto; and (ii) organizing Settlement Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action or any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action in this Action and/or the subject of the Settlement Class Members' Release, or the facts and circumstances relating thereto.

Proposed Order Granting Prelim. Approval (Doc. 191-1), at 9. Since the injunction bars class members from "participating in . . . any action" related to the claims here, Texas believes that it would prevent them from cooperating with or acting as witnesses in a regulatory or consumer protection action. Globalstar represented in its papers and at hearing that it "has no intention of seeking to enforce any injunction that may issue in this matter to prevent any regulator from discharging its duties on matters within its jurisdiction." Globalstar's Reply in Support of Preliminary Approval (Doc. 223) ("Globalstar's Reply"), at 8.

Although Texas is correct that the injunction may be read as barring class members' participation in regulatory or consumer protection actions, the Court is mindful that its role here is limited to assessing whether the settlement is "fair, adequate, and reasonable." *Staton*, 327 F.3d at 952. The Court does not have the power to rewrite the terms of the settlement, which it must consider "as a whole." *Id.* Texas's objection to the scope of the injunction does not implicate the fairness of the settlement, and is not – when considered in

4

light of the settlement as a whole – a sufficient basis for its rejection. However, the Court is responsible for *enforcing* the injunction, and will therefore hold Globalstar to its representation that the injunction is inapplicable to actions brought by government entities under their regulatory and consumer protection authority. The injunction therefore should not impair Texas's – or any other agency's – pursuit of regulatory or consumer protection actions, and will not bar members of the settlement class from participating in such actions.

Texas's second objection concerns the release of claims by members of the settlement class. The Stipulation defines "Plaintiffs' Released Claims" to include

> any and all claims . . . , demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, asserted or that might have been asserted, by the Plaintiffs or any Settlement Class Member, against Globalstar arising out of or related to the Globalstar Satellite Service, Globalstar Satellite Telephones, any Service Agreement, any Service Plan, or any of the matters alleged in or in any way concerning, or that could have been alleged in, the Third Amended Complaint and the predecessor complaints.

Stipulation at 7. Texas objects that the scope of the release is not commensurate with the relief provided. The proposed release would eliminate any claims that "could have been alleged" in the Third Amended Complaint and the predecessor complaints, covering a nearly 70-month period: from April 2003 to January 2009. That release is over-broad in *time*, Texas argues, as the proposed settlement only compensates class members for service problems from January 2006 through February 2007. Texas also claims the release is over-broad in *scope*, as it releases potential claims that were not asserted here. Globalstar responds that the release, which represents its bargained-for benefit under the Stipulation, is a fair and appropriate concession by class members.

The release of all claims that could have been asserted is a common and fair practice in the settlement of class actions. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998) (affirming district court's approval of class action settlement that released "any and all claims . . . that were or could have been asserted by Settlement Class members"). "Broad class action settlements are common, since defendants and their cohorts would otherwise face nearly limitless liability from related lawsuits in jurisdictions

5

1 throughout the country." *Wal-Mart Stores, Inc. v. Visa USA Inc.*, 396 F.3d 96, 106 (2d Cir.
2 2005). A class action settlement can release claims that were not asserted in the complaint –
3 even claims that *could not* have been asserted – as long as the released claims are "based on
4 the identical factual predicate as that underlying the claims in the settled class action." *Class
5 Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) (citing *TBK Partners,
6 Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982), and *In re Corrugated
7 Container Antitrust Litig.*, 643 F.2d 195, 221 (5th Cir. 1981)).

    Texas and the parties disagree over the application of the "identical factual predicate" test. Globalstar argues that the release is tied to "the purchase and provision of two-way voice and data communications through Globalstar's allegedly defective satellite network," Globalstar's Reply at 7, and as such releases only those claims arising out of the same factual predicate as the settled claims. Texas responds that the release will improperly immunize Globalstar from unrelated disputes regarding billing or equipment problems. The Ninth Circuit drew the "identical factual predicate" rule from case law in the Second and Fifth Circuits, both of which have found the rule satisfied by the release of claims that "could have been alleged" in the settled action. "[A] court may release not only those claims alleged in the complaint and before the court, but also claims which 'could have been alleged by reason of or in connection with any matter or fact set forth or referred to in' the complaint." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 221 (5th Cir. 1981) (internal citations omitted). In *Wal-Mart*, likewise, the Second Circuit found that a settlement precluding "lawsuits relating to any conduct that was alleged in the complaint or was, or could have been, asserted in this litigation" satisfied the identical factual predicate rule. *Wal-Mart Stores*, 396 F.3d at 107. The Court concludes that the Stipulation releases only those claims that share an identical factual predicate with the claims asserted, and that Texas's objections of overbreadth are unfounded.

    The Court also raised a number of concerns, the first regarding what appeared to be a substantial narrowing of the class definition. The TAC defines the class to include "[a]ll persons in the United States who purchased a Globalstar satellite telephone and Service from

6

1 April 2003 to February 2007," but the Stipulation defines the settlement class as "all persons
2 who were Subscribers to Globalstar Satellite Service in the United States and were not in
3 Default on their subscription payments at any time from January 1, 2006 to February 28,
4 2007." Whereas the TAC class spans 47 months, the settlement class spans only 14.
5 However, that difference is not as stark as the numbers suggest, because the two definitions
6 also *measure* the class differently: the TAC class hinges on when a customer *purchased* a
7 satellite phone, whereas the settlement class hinges on when a customer *subscribed* to the
8 satellite service. The settlement class, by including only those who subscribed in 2006 and
9 early 2007, targets the period when Globalstar's satellite service suffered its most severe
10 degradation. Customers who purchased their phones before 2006 will still be members of the
11 settlement class as long as they subscribed at any point within the 14 months between
12 January 2006 and February 2007. The settlement class is therefore defined to capture only
13 those who were most harmed by Globalstar's alleged failure to disclose. The Court finds that
14 this refinement of the class definition is fair and appropriate.[1]

15 The Court's second question concerned the Stipulation's failure to provide relief for
16 certain members of the settlement class. The relief available depends on whether settlement
17 class members are current subscribers (those who subscribed "at any time during the Class
18 Period and are still Subscribers") or former subscribers (those who subscribed "at any time
19 during the Class Period but were not current Subscribers as of June 1, 2009"). However,
20 settlement class members who canceled their subscriptions *after* June 1, 2009 (excluding
21 them from the "former subscribers" category) but *before* electing a remedy (meaning they
22 would not be "current subscribers") had no remedy available. The parties addressed this
23 "orphan class member" issue in their amendment by defining "former subscriber" as a class
24 member who was not a current subscriber "as of the date of the Fairness Hearing." The
25 amendment resolves the Court's concern.

---

[1] The settlement class also excludes anyone who was "in Default on their subscription payments at any time" during those 14 months. The Court, in its March 16, 2010 Order, noted that the Stipulation failed to define when a customer is in default. The parties have provided a definition for "in default" in their April 2, 2010 amendment.

7

Finally, the Court observed that the 12-month delay in the posting of the $50.00 credit to a customer's account would require class members to maintain their subscriptions for another year in order to receive their elected relief. Globalstar represented that it bargained for the year-long delay in awarding the $50.00 credit to account for the company's financial position. Furthermore, alternative remedies – such as a 150-minute credit for those on limited plans – are available for settlement class members who prefer to avoid such delay. The Court is satisfied that the 12-month delay meets the fairness standard applied at this stage of approval.

**CONCLUSION**

The Court, having considered Texas's objections and its own concerns regarding the Stipulation, concludes that the settlement is fair, adequate, and reasonable. The Court therefore approves the settlement in an order filed concurrently herewith.

**IT IS SO ORDERED.**

Dated:   5/17/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT